(125 So. 384)

## JONES v. STATE. (7 Div. 919.)

Supreme Court of Alabama. Dec. 5, 1929.

Charlie C. McCall, Atty. Gen., opposed.

Riddle & Riddle, of Talladega, for petitioner.

BOULDIN, J. ■ We agree with the Court of Appeals that the portion of the oral charge of the trial court copied in the opinion of the Court of Appeals is an erroneous statement of the law.

■ Merely riding in a car, knowing of the presence of five or more gallons of prohibited liquors therein, but having no connection with the liquor nor its movement in the car, is not made a felony by our statute.

■ Participation in the transportation, or aiding and abetting the same, is of the essence of the crime. This fact, like others in criminal cases, must be proven beyond a reasonable doubt. Presence in a car with knowledge of the liquors being transported is a circumstance to be considered in connection with others to determine whether the party charged is participating in, aiding, or abetting such transportation. But the charge instructs the jury to convict without regard to any such participation; convict if he is riding in the car with knowledge of the presence of the liquors.

■ We cannot agree that the charge is abstract. On the contrary, it purports to be a statement of the law of the case as applied to the evidence.

It appears the real basis on which the decision of the Court of Appeals is rested is error without injury.

This court, taking the finding of facts by the Court of Appeals as true, accords full verity to the finding of that court that the evidence of the state, none being offered by defendant, discloses, without conflict, an active participation in the transportation by the defendant; and that the state was entitled to the general affirmative charge. This means, of course, in all such cases, the affirmative charge with hypothesis, such as "if the jury believe the evidence."

■■ It was for the jury at last to say whether the evidence of participation by defendant was true. The court could not withdraw this essential fact in the case from their consideration. To do so was tantamount to denial of trial by jury on one of the essential issues. If he may do this, we see no

reason why he may not withdraw all the issues. We must hold the doctrine of error without injury cannot be extended to denial of constitutional guaranties of this kind.

Writ granted. Judgment of affirmance reversed, and cause remanded to Court of Appeals.

All the Justices concur.