(135 So. 654)

## FITTS v. STATE.
### 6 Div. 948.

Court of Appeals of Alabama.
June 30, 1931.

406

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

T. B. Ward, J. M. Ward, and Wright, Warren & Searcy, all of Tuscaloosa, for appellant.

SAMFORD, J.

The defendant, who was a deputy sheriff, was indicted on a charge of unlawfully transporting prohibited liquors in quantities of five gallons or more. The same grand jury indicted Aubrey Payne, another deputy sheriff, and it was claimed by the state that Aubrey Payne purchased from a man named Wm. Turner thirty gallons of whisky in ten gallon kegs and five gallon cans. The testi-

mony of three witnesses, examined by the state, was to the effect that: "On Saturday, November 2nd, 1929, I (Wm. Turner) went to the forks of the roads up near Windham Springs in company with A. C. and Louis Swindle some time between four and five o'clock; the forks of the road or the cross roads I am talking about is where a road led out from the Crabbe Road towards Ruth Dockery's place, leading out towards Lock 17 somewhere. We, A. C. and Louis Swindle and myself went up to the forks of the road in my self went up to the forks of the road in my Chrysler Roadster, and after we got there Mr. Floyd Fitts and Mr. Aubrey Payne came up travelling in a closed Chevrolet sedan car, the color of which Chevrolet was yellow, from the direction of Windham Springs and Aubrey Payne was driving; Mr. Payne and the defendant came up just as I was turning my car around, and after they got there we got out and loaded up Payne's car with thirty gallons of whiskey. A ten gallon keg full of whiskey was on the right hand side of the road going up and there was a ten gallon keg and two five gallon jacket cans on the left of the road going up. Me and Mr. Payne got the ten gallon keg on the right side of the road, and Mr. Payne put it in his car;" that the twenty gallons of whisky from the left of the road was brought to the car by the two Swindles. There was no evidence in the case tending to connect this defendant with the offense charged, further than that he was riding in the car in which the whisky is alleged to have been transported. The only evidence as against Payne, who was the owner of the car, bought the whisky, put the whisky in the car, and drove it away, was the testimony of Wm. Turner, the two Swindles, and a law enforcement officer named Harrison. Turner, according to his own testimony and that of the Swindles, sold the whisky to Payne, and they and each of them assisted in transporting the whisky from where it had been cached in the woods, to Payne's car to be loaded. It will be noted that Turner said: "And after they got there we got out and loaded up Payne's car with thirty gallons of whiskey." It is very evident from the subsequent testimony of Turner and the two Swindles that they were so shaping their account of the transaction as to create a break in the transportation at the car, so as to relieve themselves from any criminality in the transportation of the whisky. To allow this would be to reduce the law to an absurdity. The statute is not against the transportation of whisky in automobiles, but against its transportation in quantities of five gallons or more in any mode, whether by automobile, wagon, buggy, by hand, or any other manner, and when Turner and the Swindles brought the whisky as far as Payne's car they were themselves guilty of transporting. Acts 1927, p. 704.

■ Under the evidence, they and each of them must have known that the transportation did not end at Payne's car, but was only an incident thereto, and that when delivered to Payne it would be carried further. That the part of Turner and the two Swindles ended when they had made delivery and received their pay for the whisky cannot excuse them from criminality in what followed.

■ There is no dispute as to the law of this case. If Turner and the two Swindles aided and abetted in the transportation of this thirty gallons of whisky, they were accomplices, and without corroboration of their testimony this defendant cannot be convicted. Code 1923, § 5635.

We find no difficulty in arriving at the conclusion, from the evidence in this case, that Turner and the two Swindles were accomplices.

■ The next question arises, Is the testimony of Turner and the Swindles corroborated by other evidence tending to connect the defendant with the commission of the offense? To meet this requirement, the state examined one Harrison, a law enforcement officer, who testified that, at about three fifteen or three forty-five, he saw defendant in a light green Chevrolet closed car, with Aubrey Payne, about one mile from the courthouse in Tuscaloosa, towards Northport, and some twenty-four miles from the place where Turner and the Swindles said they delivered the whisky to Payne in a yellow car. The crime charged is alleged to have been committed November 2d; the defendant was not arrested until March 18th following; the witness Harrison could not have known he would be called upon to give testimony as to the whereabouts of Fitts on November 2d, until after the arrest. Waiving any criticism of this testimony on account of its unreasonableness, the incident is too remote and uncertain to amount to such corroboration as the law contemplates. Moreover, the car seen by Harrison was green, while that testified to by Turner and Swindle was yellow, thereby breaking any connection between the two cars.

In view of the fact that the witnesses Turner and the two Swindles were accomplices, and that their testimony was not corroborated, the defendant should have been given the affirmative charge in his behalf as requested.

■■ There is another point in this record that should be noticed. Merely riding in a car, knowing of the presence of five gallons or more of prohibited liquors therein, but having no connection with the liquor or its movement in the car, is not made a felony by our statute. There must be a participation in the act of transportation, or an aiding or abetting therein, all of which must be proven beyond a reasonable doubt. While a presence in the car with a knowledge of the liquors being transported is a circumstance to be consid-

ered in connection with others to determine whether the party charged is participating in, aiding or abetting such transportation, where there is no other fact tending to connect the defendant in any manner with the transportation, the fact of knowledge alone will not authorize a conviction. Jones v. State, 220 Ala. 260, 125 So. 384.

There are other questions presented which we do not pass upon, as we assume that the questions will not arise on another trial.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

RICE, J., not sitting.

Thos. E. Knight, Jr., Atty. Gen., for the State.