93 So.2d 438

**Gurney HOUSTON**

v.

**STATE.**

**8 Div. 888.**

Court of Appeals of Alabama.

Nov. 20, 1956.

Rehearing Denied Jan. 15, 1957.

Russell W. Lynne, Decatur, for appellant.

. John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was convicted in the lower court under an indictment charging the illegal possession of prohibited liquors.

The State's evidence tended to show that about 4:00 o'clock of the afternoon of July 18, 1955, two officers of Morgan County, Mr. Hyche and Mr. Hogan, went to defendant's produce business in the City of Decatur. After first knocking and receiving no answer, they opened the door and saw lying on a chair a pair of men's trousers with a ring of keys on them. They also observed in the alley behind the building a 1955 Oldsmobile car which they had seen appellant drive on several occasions. The officers did not enter the place of business but waited in their automobile from which they could see the door of the produce business and the Oldsmobile.

After about forty minutes defendant, Robert Whitman and Nellie Jones drove up in another automobile. They were all wearing bathing suits. As they got out of the car the officers came up and told defendant they had a search warrant for his car and his place of business. Defendant said he didn't have the keys to the Oldsmobile that he had changed his clothes at home and left his keys there. Mr. Hyche went into appellant's place of business and got the keys he had seen there. The first key he tried opened the trunk. In the trunk were nineteen cartons, each carton containing twelve 12 ounce cans of beer. After the trunk was opened defendant was silent

642

for awhile and then said to Nellie Jones, "You surely went and got that while I was asleep." And she answered that she did.

The evidence for defendant tended to show that Nellie Jones, who was defendant's wife at the time of the trial, borrowed defendant's car about one o'clock that afternoon for the stated purpose of going to Moulton to see her sister, but instead of going to Moulton she went to Huntsville and purchased the beer and had it locked in the trunk of the car. She did not tell defendant the beer was in the automobile and he knew nothing of its being there. Miss Jones testified they changed clothes to go swimming at the produce house. Defendant stated he put on his bathing suit at home and evidently Miss Jones had brought his trousers back to his place of business.

 It is well settled that where the possession of the prohibited beverage is constructive a guilty scienter on the part of the accused must be shown by the evidence beyond a reasonable doubt. Grimes v. State, Ala.App., 76 So.2d 684.[1] Such guilty scienter or knowledge may be inferred from the facts and circumstances surrounding the constructive possession. Kirtland v. State, 27 Ala.App. 376, 172 So. 680; Emerson v. State, 30 Ala.App. 89, 1 So.2d 604, certiorari denied 241 Ala. 141, 1 So.2d 605; Pate v. State, 32 Ala.App. 365, 26 So.2d 214.

The cause was tried by the court without the intervention of a jury. "His findings have the effect and force of a jury verdict and should not be disturbed by the appellate court unless the judgment is plainly contrary to the great weight of the evidence. Peterson v. State, 17 Ala.App. 662, 88 So. 49." McAllister v. State, 37 Ala.App. 237, 66 So.2d 462, 463.

There was sufficient evidence to sustain the judgment of guilt.

Affirmed.