109 So.2d 149

Olen **SHANEYFELT**

v.

**STATE of Alabama.**

**7 Div. 403.**

Supreme Court of Alabama.

Feb. 12, 1959.

Rowan S. Bone and Arthur Burns, Gadsden, for petitioner.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., opposed.

SIMPSON, Justice.

We granted the writ in order to rationalize a distinction between the instant case and the case of Fitts v. State, 24 Ala.App. 405, 135 So. 654, 655, wherein is the holding:

"Merely riding in a car, knowing of the presence of five gallons or more of prohibited liquors therein, but having no connection with the liquor or its movement in the car, is not made a felony by our statute. There must be a participation in the act of transportation, or an aiding or abetting therein, all of which must be proven beyond a reasonable doubt. While a presence

in the car with a knowledge of the liquors being transported is a circumstance to be considered in connection with others to determine whether the party charged is participating in, aiding or abetting such transportation, where there is no other fact tending to connect the defendant in any manner with the transportation, the fact of knowledge alone will not authorize a conviction."

It is the opinion of the Court that the Fitts case is not here controlling since in the case at bar the evidence tended to show more incriminating circumstances against the defendant than merely riding in the car, knowing of the presence of the prohibited liquors. We think the evidence had a tendency to show a participation by the defendant in the act of transportation or in aiding or abetting therein.

The opinion of the Court of Appeals shows a close relationship between the person driving the car and the defendant. They are wife and husband. Even though the wife was driving, they stopped at the defendant's home. When the officer first accosted the defendant and asked him if he had any whiskey, he replied, "No". Yet, after his wife took the trunk key from her purse and the officer opened the trunk and raised the lid and told the defendant, "You've got eight gallons", the defendant answered, "No, they's ten gallons in there"; whereupon the defendant pointed out the additional two gallons in the trunk which the officer had not discovered. We think all these circumstances, including the failure of the defendant to deny the accusation that he had eight gallons, made it a jury question and disentitled the defendant to the affirmative charge.

Affirmed.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

LIVINGSTON, C. J., and COLEMAN, J., dissent.