291 So.2d 331

**William E. HUGHES, alias**

**v.**

**STATE.**

**6 Div. 666.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

James F. Berry, Cullman, for appellant.

William J. Baxley, Atty. Gen., and William A. Golinsky, Asst. Atty. Gen., for the State, appellee.

HARRIS, Judge.

Appellant was convicted of unlawfully transporting prohibited liquors or beverages in quantities of five gallons or more in Cullman County, Alabama, and sentenced to three (3) years imprisonment in the penitentiary. At arraignment he pleaded not guilty in the presence of retained counsel who also represents him on appeal.

Omitting the formal parts, the indictment reads as follows:

"The Grand Jury of said County charge that before the finding of this Indictment, William E. Hughes, alias Bill Hughes, whose name is otherwise unknown to the Grand Jury, did, on, to-wit: December 8, 1972, unlawfully transport in quantities of five gallons or more, liquors or beverages, the sale or transportation of which, in Cullman County, Alabama, is prohibited by law, against the peace and dignity of the State of Alabama."

After dark on the late afternoon of December 8, 1972, a deputy sheriff of Cullman County, who was assigned to the whisky detail, and an agent of the Alabama Alcoholic Beverage Control Board, Enforcement Division, were parked near a house trailer on the Bolte Road about five miles from the City of Cullman. The trailer house was rented to Sherman "Bill" Hanners. The Deputy had a warrant for Hanners' arrest and had a search warrant to search Hanners' trailer house and any vehicles at the premises. No one was at home when the officers arrived. While they were standing near the trailer house, they saw the headlights of a moving vehicle a quarter of a mile away approaching the trailer. The motor vehicle drove up the driveway and stopped ten to twelve feet from the door to the trailer house and about four feet from the officers. The officers saw the vehicle was a station wagon and was occupied by three men, all sitting on the frontseat. The officers walked to the driver's side of the station wagon and the deputy sheriff recognized Hanners and appellant. He told Hanners he was under arrest. Hanners asked the Deputy what the charges were and was told he was being arrested on two counts for violating the prohibition law.

The officer looked through the glass on the station wagon with his flashlight and saw a case of whisky in the rear part of the vehicle and other bottles on the floorboard in the back, all in plain view. He ordered the three men out and found a pint bottle on the frontseat which had a small quantity of whisky in it. He tasted it and testified that it was definitely whisky. He further testified that the three men were highly intoxicated. They removed the whisky from the station wagon and placed it in his pickup truck. The officers counted the bottles and found there were forty-one (41) pints of Old Quaker, six (6) pints of Colonel Lee and six (6) pints of Don Cossack Vodka. They determined the aggregate to be in excess of six (6) gallons.

Cullman is a dry county but, nevertheless, Act No. 1265, General Acts of Alabama 1971, (Title 29, Sections 262 and 263, Code of Alabama 1940, as last amended) is applicable to all dry counties in Alabama. This Act was passed over the Governor's veto and became effective on September 22, 1971. This Act provides as follows:

"§ 262. * * * Any person twenty-one years of age or over shall be entitled to have in his possession, in his motor vehi-

cle, or a private residence or place of private residence or the curtilage thereof in any dry county in this state, for his own private use and not for resale, not more than the following quantity of alcoholic beverages, as enumerated and defined in Code of Alabama 1940, Title 29, section 1, when such beverages have been sold or distributed by and through a state liquor store operated by the Alabama alcoholic beverage control board or a licensee of such board and the containers of such beverages have affixed thereto such mark or identification and sufficient revenue stamps as to show that such alcoholic beverages were sold or distributed by a state liquor store or a licensee of the Alabama alcoholic beverage control board and that the required tax has been paid: 3 quarts of liquor and 1 case of malt or brewed beverages; or 3 quarts of wine and 1 case of malt or brewed beverages; provided, however, that no alcoholic beverages shall be kept, stored or possessed in the passenger area of any vehicle, or in the view of any passenger. * * *

"§ 263. * * * It shall be unlawful for any person residing in or traveling through any dry county in this state to sell or offer to sell such alcoholic beverages to another or to have in his possession at any one time any amount of alcoholic beverages in excess of the quantity stipulated in section 1 of this act. Any person violating the provisions of this act shall be guilty of a misdemeanor and shall be fined not less than fifty dollars ($50) nor more than five hundred dollars ($500) or imprisoned in the county jail for a period not to exceed six months, either or both, at the discretion of the court. * * *"

Appellant did not testify but offered Mr. Hanners as the lone witness for the defense. In sum, he testified that he lived in the Bolte Community of Cullman County and that appellant lived about a quarter of a mile from him in the same community; that appellant owned the station wagon in which the officers found the whisky. He claimed he borrowed the station wagon the day before he was arrested and returned it to appellant around two o'clock p.m. on the day he was arrested but told appellant he would like to use it again to go pick up a case of beer. Appellant was drinking heavily at this time and told Mr. Hanners that he would go with him if Hanners would drive as "he was too well on it to drive." Hanners drove with appellant on the frontseat. He further testified that he picked up another man who got in the backseat and was in the backseat at the time of the arrest; that appellant soon passed out or went to sleep and that during this time he decided to drive to a state store in Birmingham and buy some whisky. He said he went in the liquor store alone and bought a full case of Old Quaker, eighteen pints of Colonel Lee and six pints of Don Cossack; that he paid $137.20 for the liquors with his own money and that appellant was still passed out when he put the case of whisky on the backseat and the other cases on the floorboard in the back of appellant's station wagon and left for home; that appellant did not pay for or contribute to the purchase of this liquor and did not even know it was in his car, and did not know the witness had been to Birmingham; that on the way home appellant waked up at Hanceville in Cullman County and said he needed a drink. Witness Hanners told him the pint bottle was right beside him and appellant took a drink; that he drove home and was arrested. He asked the officers to let him go inside his trailer house and get his shaving kit. Appellant and the other man were in his house when he entered; that while he was in the house, he drank a pint of whisky. When he came out, the officers asked him about appellant and he told them he was inside and the officers went in the house and brought appellant out. Both men were carried to the county jail.

Hanners further testified that the officers asked him who the whisky belonged to and he told them he did not know anything about it, but he subsequently pleaded guilty

to transporting and was under a sentence at the time he testified for appellant.

We quote from the record (cross-examination):

"Q. (By Mr. Bland) When you get in a particular position you just tell things that is best for you to tell whether it is true or not?

"MR. BERRY: We object to it as being argumentative.

"THE COURT: Overruled.

"MR. BERRY: We accept. (sic)

"A. Am I suppose to answer that?

"Q. (By Mr. Bland) Yes.

"A. Well, I didn't exactly say the whisky wasn't mine, I said I didn't know nothing about it, I was going to let them prove that it was my whisky before I owned up to it. Any man would.

"Q. Any man would tell them that they didn't know anything about it?

"MR. BERRY: We object to that, Mr. Bland is testifying.

"THE COURT: Overruled.

"MR. BERRY: We accept. (sic)

"Q. (By Mr. Bland) Any man that didn't know anything about it, that was driving that car under those circumstances, you think any man would do that?

"A. Well, if you had been bootlegging and drive up on two law officers, of course you would, any man would.

"Q. At that time you had been bootlegging?

"A. I pled guilty for that.

"Q. The officers came out there, they already had a warrant for you for that, didn't they?

"A. Yes, sir."

During further cross-examination, the district attorney asked Mr. Hanners what he did by way of employment besides bootleg. Appellant objected and moved for a mistrial. The court sustained the objection and overruled the motion for a mistrial.

Appellant asserts this was error to reverse. The district attorney then asked the witness if he was bootlegging at the present time. No objection was interposed and the witness answered, "I have been."

■ It will be observed from the above quoted excerpts from Hanners' testimony that he *voluntarily* admitted that he had been bootlegging. While this admission was not responsive to the question posed, it was admissible evidence that the *witness* had been engaged in bootlegging and was not prejudicial to appellant who was on trial for transporting prohibited liquors in quantities of five gallons or more. For this reason the case is not controlled by Whitman v. State, 41 Ala.App. 124, 124 So.2d 275.

■ When the district attorney on further cross-examination asked the witness his occupation besides bootlegging, the court sustained appellant's objection and denied his motion for a mistrial. There was no error in this ruling. Granting a mistrial is discretionary with the trial court, and its exercise of that discretion will not be interfered with unless there has been a clear abuse of discretion. In the light of the action of the trial court in sustaining appellant's objection there was no abuse of discretion in denying the motion for a mistrial. Poellnitz v. State, 48 Ala. App. 144, 262 So.2d 631; Carroll v. State, 45 Ala.App. 92, 225 So.2d 198.

■ The evidence is uncontradicted that appellant was the owner of the station wagon in which the officers found more than six gallons of liquors and that he was riding on the frontseat as the driver approached the trailer house where the officers were waiting with an arrest warrant for the driver and a search warrant to search the house and motor vehicles on the premises. Appellant did not disclaim ownership of the liquors. He was content in letting the driver claim ownership. This Court has said that ownership of the cargo is immaterial. Peppers v. State, 36 Ala.

App. 468, 59 So.2d 685; Miller v. State, 39 Ala.App. 584, 105 So.2d 711.

On the question of constructive possession, see Houston v. State, 38 Ala.App. 641, 93 So.2d 438, and Evans v. State, 39 Ala.App. 404, 103 So.2d 40.

We conclude that the evidence presented by the state with respect to the circumstances surrounding the *res gestae* is amply sufficient in strength and cogency, if believed by the jury under the required rule, to support the verdict and the judgment rendered thereon. Austin v. State, 36 Ala.App. 690, 63 So.2d 283.

We have carefully searched the record for errors and have found none affecting the substantial rights of appellant. Accordingly, the case is due to be affirmed.

Affirmed.

ALMON, TYSON and DeCARLO, JJ., concur.

CATES, P. J., concurs in the result.