304 So.2d 918

Lester Larry **JOHNSTON**

v.

**STATE.**

**8 Div. 531.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

William J. Baxley, Atty. Gen., and Rosa G. Hamlett, Asst. Atty. Gen., for the State, appellee.

W. A. Barnett, Florence, for appellant.

DeCARLO, Judge.

Transporting; one year, one day.

I

Appellant first contends there was no probable cause basis for the warrantless search of his truck on Highway 72 in Lauderdale County.

Probable cause has been defined in Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280, 69 L.Ed. 543, as "facts and circum-'means less than evidence which would jus-stances within their [the officers'] knowl-

edge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. "And this tify condemnation' or conviction . . . " Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Yeager v. State, 281 Ala. 651, 207 So.2d 125.

Probable cause must be shown to have existed before the truck was stopped, and this can be determined by an evaluation of these facts:

After 4:00 P.M. on September 8, 1973, D. O. Dodd, an agent with the Alabama Beverage Control Board, was at his residence in Lauderdale County, when an informant who had given him reliable information in the past came to his home. The informant told Mr. Dodd that Lester Johnston had gone to Huntsville after lunch to pick up a load of beer and would be returning shortly. He further stated the beer would be taken to the ·barn where Johnston had· been arrested in July. Appellant's truck was described as the same one used in July to haul beer. It was red with a black bed.

During the hearing on the motion to suppress, Mr. Dodd testified he did not attempt to get a search warrant because no one was in the courthouse at that hour, but did relay the information by telephone to Billy Richardson of the Alabama State Troopers. At the same hearing, Trooper Richardson testified that he was working with Corporal Jemison when he received the information at the trooper station. Later about 7:10 P.M. at a Spur Station near Rogersville, Trooper Richardson recognized appellant as he got into a 1966 Ford truck headed west. At that time, the trooper, who had been traveling east on Highway 72, turned his vehicle around. He pulled in behind the truck and appellant stopped, got out, and showed his driver's license to the officer. Trooper Richardson described the truck as having a bed with solid sideboards up a short distance and above that, boards with spaces between

them. The officer looked through a space between the boards and observed cases of Schlitz stacked above the solid section of the bed. At this time, appellant was arrested. A subsequent search revealed appellant was transporting 250 cases of beer and 6 cases of whiskey in a dry county.

■ It is our view that these facts disclose sufficient probable cause for Officer Richardson to stop appellant and search the truck. Under the circumstances, Officer Richardson had a right to be where he observed the beer. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067.

We believe the lower court was correct when it determined the search was valid. The facts within the officer's knowledge when he intercepted appellant amounted to more than suspicion and constituted probable cause for his actions.

## II

Appellant was indicated under Title 29, Section 187, Code of Alabama 1940, which provides:

"It shall be unlawful for any person, firm or corporation, or association within this state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession, or transportation of which is prohibited by law in Alabama. Any person convicted of violating this section shall be guilty of a felony, and upon conviction, shall be imprisoned in the penitentiary of this state for a period of not less than one year, nor more than five years."

It is appellant's insistence that the lower court erred when it denied his motion to quash the indictment. He argues the above statute was repealed by Title 29 §§ 262, 263 (1973 supplement) which state:

"§ 262. * * * Any person twenty-one years of age or over shall be entitled to have in his possession, in his motor vehicle, or a private residence or place of

private residence or the curtilage thereof in any dry county in this state, for his own private use and not for resale, not more than the following quantity of alcoholic beverages, as enumerated and defined in Code of Alabama 1940, Title 29 section 1, when such beverages have been sold or distributed by and through a state liquor store operated by the Alabama alcoholic beverage control board or a licensee of such board and the containers of such beverages have affixed thereto such mark or identification and sufficient revenue stamps as to show that such alcoholic beverages were sold or distributed by a state liquor store or a licensee of the Alabama alcoholic beverage control board and that the required tax has been paid: 3 quarts of liquor and 1 case of malt or brewed beverages; or 3 quarts of wine and 1 case of malt or brewed beverages; provided, however, that no alcoholic beverages shall be kept, stored or possessed in the passenger area of any vehicle, or in the view of any passenger. * * *"

"§ 263. * * * It shall be unlawful for any person residing in or traveling through any dry county in this state to sell or offer to sell such alcoholic beverages to another or to have in his possession at any one time any amount of alcoholic beverages in excess of the quantity stipulated in section 1 of this act. Any person violating the provisions of this act shall be guilty of a misdemeanor and shall be fined not less than fifty dollars ($50) nor more than five hundred dollars ($500) or imprisoned in the county jail for a period not to exceed six months, either or both, at the discretion of the court. * * *"

Appellant has not insisted the repeal was express, but only that it was by implication.

"The rule is settled that the repeal of statutes by implication is not favored by the law. In order to harmonize legislative acts, courts are required to adopt, if necessary, rules of fair and liberal construction. If it be possible to reconcile the two statutes so as to permit both to stand, without violating sound principles of construction, this will be done. The court will not ordinarily declare a prior act to be repealed by a subsequent one, in the absence of express words of repeal, unless the provisions of the two are directly repugnant, or, as frequently expressed, irreconcilably inconsistent." Roberts v. Pippen, 75 Ala. 103.

■ It is obvious, however, upon careful consideration, that there is no conflict between the scope of Title 29, §§ 262, 263, supra, and the operation of Title 29, § 187, supra.

Act 1265, General Acts of Alabama 1971, (Title 29, Sections 262 and 263, Code of Alabama 1940, as last amended) does not purport to make any provision that deals with transportation, or transportation of more than five gallons of prohibited liquors. It purports only to make an exception, allowing the possession of a prescribed amount of less than five gallons tax paid alcoholic beverages in dry counties for personal use. Heretofore, the possession of any quantity was a violation and would have prompted a prosecution and confiscation upon conviction.

The 1971 Act nowhere encroaches upon the field of operation of the transporting statute, Title 29 § 187, supra, and does not even contain the word "transport".

There can, therefore, be no repugnancy between the provisions of the 1971 Act and Title 29 § 187. There is a full scope for the operation of both without conflict. Each is mutually exclusive. Bates v. State, 240 Ala. 609, 200 So. 779.

No error appears in the record.

Affirmed.

TYSON and HARRIS, JJ., concur.

CATES, P. J., and ALMON, J., concur in the result.