LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty under an indictment that charged that he “did unlawfully transport quantities of five gallons or more prohibited liquors or beverages, contrary to law.” Code of Ala. 1975, § 28-4-115, which is applicable to the subject of Alcoholic Beverages in Dry Counties, provides:
“It shall be unlawful for any person, firm or corporation or association within this State to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is prohibited by law in Alabama. Any person convicted of violating this Section shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary of this State for a period of not less than one year, nor more than five years.”
The court fixed defendant’s punishment at imprisonment for three years and sentenced him accordingly. His application for probation was denied. His motion for a new trial was overruled.
Appellant urges that defendant “was improperly convicted of a felony under Ala. Code § 28-4-115 (1975) when this statute had actually been changed to a misdemean- or by Ala.Code §§ 28-4-200 & 201 (1975).” With commendable candor, counsel for appellant acknowledges that the same conten *405 tion was rejected in Johnston v. State, 54 Ala.App. 100, 304 So.2d 918 (1974). He in effect asks at this time for a reconsideration of what was held in Johnston v. State, supra, that § 28-4-115 had not been repealed and that the crime proscribed thereby is still a felony, even though §§ 28-4-200 and 28^-201 provide that the possession, not the transportation, of alcoholic beverages in excess of five gallons constitutes a misdemeanor only. We are not persuaded that we should depart from, or qualify, the conclusion reached in Johnston, supra.
In continuance of his insistence that defendant could not have been legally convicted of a felony, appellant says that he should have been allowed to subtract five gallons of alcoholic beverage, the amount he would have been permitted to possess in a dry county, from the total amount that the evidence shows he was transporting in the instant case, and that the remainder would have been less than five gallons, which if true, would have constituted a misdemeanor only. According to the undisputed evidence, which included testimony of defendant, defendant was transporting by hand three cases of beer containing more than five gallons, but if a case had been deducted therefrom, the total of that which he was transporting by hand would have been less than five gallons. Irrespective of this contention, however, there was substantial evidence in the testimony of witnesses for the State, which defendant denied, that he was transporting by automobile an additional twelve cases of beer, which far exceeded five gallons. This of itself was sufficient to support the verdict to the effect that he was transporting an intoxicating beverage in a quantity of “five gallons or more,” and testimony as to the beverage left no doubt as to its intoxicating nature.
Appellant attempts to base prejudicial error on the refusal by the court of each of twenty-nine written charges requested by defendant. Defendant requested a total of seventy-eight written charges, and all were refused. Many of them were substantially covered by the courts oral charge. We are not fully persuaded that there are not some that state correct principles of applicable law and are not covered by the court’s oral charge. Nevertheless, we deem it unnecessary to point out as to each individual charge that defendant could not have been injured by its refusal. This for the reason that, although defendant denied being in the automobile in which the beer was transported, the overwhelming weight of the evidence, including defendant’s own testimony, was to the effect that he was either the principal, or an aider and abettor of the principal, in the transportation of fifteen cases of beer in the automobile on the occasion involved. None of the good charges requested would have been of any benefit to defendant. There was no injury to defendant by reason of the court’s refusal of any of the charges. Miller v. State, 168 Ala. 100, 53 So. 278 (1910); Glasscock v. State, 159 Ala. 90, 48 So. 700 (1909). This, we think, justifies our not discussing herein any of the large number of refused charges.
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
Notwithstanding due deference to the trial judge as to his ruling on defendant’s application for probation and our usual indisposition to comment on a matter that is not within our province, we would like to say that we are favorably impressed by the showing made by defendant and his counsel as to his background, character and reputation for law observance, except in the area of illegal traffic in intoxicating liquor or beverages. As to this, he made no effort to mislead or conceal, but frankly admitted that he had engaged in “bootlegging for quite a period of time.” Our best wishes go out to him, his young wife and his young child, with a considerable measure of faith in him, and in the earnest hope that he will, as he certainly can if he tries hard enough, during his term of imprisonment and thereafter, become and continue to be a useful, productive and law-abiding citizen. In say *406 ing this, we do not mean to imply that we feel that he should have been granted probation. We are confident that the trial court gave due consideration to all of the facts and circumstances involved and reached the right conclusion. We are hopeful that appellant will understand that the trial court had his welfare in mind, as well as the interest of the State, and acted not as it wished but in accordance with its duty. Appellant should also understand that he has had the full benefit of all the protection the law affords and of counsel who has been keenly aware of appellant’s need and has given full measure of able advocacy and devotion to his client in the trial court and here.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
HARRIS, P. J., and TYSON, DeCARLO, and BOOKOUT, JJ., concur.
BOWEN, J., concurs in result.