HARRIS, Presiding Judge.
On March 10,1980, appellant was indicted by the Grand Jury of Lauderdale County for transporting liquors or beverages in quantities of five (5) gallons or more. Sec. 28 — 4—115 Code 1975. In a trial by jury appellant was found guilty and sentenced to one year and one day in the Lauderdale County Jail.
On January 17, 1980, J. D. Burchett, an agent for the State of Alabama Alcoholic Beverage Control Board, was located on a stake-out of the State of Alabama liquor store on University Drive in Huntsville, Alabama. At approximately 9:40 a. m. a beige or off-white Chevrolet pickup truck with dual rear wheels and a camper shell on back parked at the rear of the liquor store and boxes were loaded onto the truck from the liquor store.
Agent Burchett testified over appellant’s objection that he had seen this truck on two previous occasions which were January 3, 1980, and January 10, 1980, both on a Thursday, at the back door of the University State Store in Huntsville. Agent Bur-chett testified that, on both of these occasions, boxes were being loaded from the store onto the truck. On one of these occasions Agent Burchett attempted to follow the truck but lost sight of it as it crossed the state line into Tennessee. As a result of these prior encounters with the truck Agent Burchett held a meeting on January 16, 1980, with Agent Kirk, Agent Presnell and Agent Little, all employees of the Alcoholic Beverage Control Board, to discuss a joint plan to follow the truck on its suspected route through Tennessee back into Alabama. At the meeting, the type and description of the vehicle were discussed and a plan developed to follow the vehicle into Tennessee and back into Alabama.
On January 17, 1980, the truck with the boxes from the State liquor store left that store at approximately 9:40 a. m. Agent Burchett followed the truck but lost sight of it. He radioed to Agents Presnell and Kirk that “the truck was coming.” As the truck in question passed they followed the truck on Highway 64 until it reached Laud-erdale County, Alabama, at which time they stopped the truck. Lauderdale County is a dry county. Agent Kirk told appellant that he believed that there was probable cause to believe there was liquor in the back of the truck and that they were going to search it. Agent Kirk got the keys from the truck and opened the back end and threw back the tarpaulin where thirty-three (33) cases of whiskey and a case of wine were found. Appellant was then arrested and the liquor was confiscated.
At the trial appellant objected to the introduction of the contents of the search and the objection was overruled. Appellant contends that this ruling was in error.
A search conducted under exigent circumstances where there is probable cause falls within one of the exceptions to the requirement of a search warrant before conducting a search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Daniels v. State, 290 Ala. 316, 276 So.2d 441; Baker v. State, Ala.Cr.App., 340 So.2d 854; Richardson v. State, Ala.Cr.App., 376 So.2d 205.
Exigent circumstances justify a warrantless search of an automobile stopped on the highway where there is probable cause, because the car is movable, the occupants would be alerted, and the contents may never be found again if a search warrant is required. Chambers v. Maroney, supra. It is also not practicable to obtain a search warrant for an automobile stopped on the highway because the vehicle can be quickly moved out of the jurisdiction or locality in which the warrant is sought. Carroll v. United States, supra.
*324 In this case the truck in question was under surveillance between two states and at least three counties of Alabama. The agents had no way of knowing for sure where the truck was going. The liquor on the truck did not become contraband until it entered a dry county. It would have been impractical to obtain a search warrant under the circumstances. The truck was capable of moving out of the dry county or to a location to dispose of the liquor. The opportunity for a search was fleeting and exigent circumstances existed, coupled with probable cause.
At the time the search took place there was probable cause to suspect that liquor was in the truck in question. Boxes were seen by Officer Burchett being loaded from the State liquor store on the truck in question. It can be inferred that boxes taken from a store that only sells liquor would contain liquor.
The truck in question was known prior to this occasion to all the agents on the case. It had been described in a meeting the day before. The truck’s description was quite distinctive. Agent Kirk and Agent Presnell had been placed on a specific route appellant was expected to take. It was not necessary for Agent Burchett to describe again the truck in question over the radio to Agent Kirk. Agent Kirk and Agent Pres-nell could assume Agent Burchett was referring to the truck which was the subject of the investigation when he said that “the truck” was coming.
Appellant did not testify nor was any evidence offered in his behalf.
When an officer who has probable cause to suspect that a vehicle is carrying contraband radioes ahead to have it stopped the other officers who stop the automobile have probable cause to arrest without a warrant and the ensuing search is valid. Cook v. State, 56 Ala.App. 250, 320 So.2d 764; Brown v. State, 55 Ala.App. 615, 318 So.2d 311.
Appellant next contends that § 28-4-200 of the Code of Alabama (1975), the violation of which is a misdemeanor, should have been the statute controlling rather than § 28-4r-115, which is a felony because the liquor being transported was “Alabama tax-paid” and therefore not included in the liquors “prohibited by law in Alabama” as referred to in § 28-4-115.
§ 28-4-115 of the Code of Alabama was passed by the Alabama Legislature in 1927 as part of the “prohibition laws.” In 1936 when the “Alabama Beverage Control Act” was passed § 28-4-115 was not repealed but limited in its application to what the Alabama Legislature termed “dry counties.” 1936-1937 Alabama Acts, Ex.Sess., No. 66, § 51, p. 82 now § 28-2-l(b) of the Code of Alabama (1975).
§ 28-4-115 of the Code of Alabama (1975) provides:
“It shall be unlawful for any person, firm or corporation or association within this state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is prohibited by law in Alabama. Any person convicted of violating this section shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary of this state for a period of not less than one year, nor more than five years. (Acts 1927; No. 605, p. 704; Code 1940, T. 29, § 187.)”
The words “prohibited by law in Alabama” do not refer only to untaxed liquor, but refer to § 28-4-1(6) which defines “prohibited liquors and beverages” as:
“a. Alcohol, alcoholic liquors, spirituous liquors and all mixed liquors any part of which is spirituous;
“b. Foreign or domestic spirits or rectified or distilled spirits, absinthe, whiskey, brandy, rum and gin;
“c. Vinous liquors and beverages;
“d. Malt, fermented or brewed liquors of any name or description manufactured from malt wholly or in part or from any substitute therefor;
“e. Beer, lager beer, porter and ale and other brewed or fermented liquors and beverages by whatever name called;
*325 “f. Hop jack, hop ale, hop weiss, hop tea, malt tonic or any other beverage which is the production of maltose or glucose or in which maltose or glucose is a substantial ingredient;
“g. Any intoxicating bitters or beverages by whatever name called; and
“h. All liquors, liquids, drinks or beverages made in imitation of or intended as a substitute for beer, ale, rum, gin, whiskey or from any other alcoholic, spirituous, vinous or malt liquor and any liquor, drink or liquid made or used for beverage purposes containing any alcohol.”
§ 28-4-1(6) existed as Alabama Code § 4615-4619 (1923) when the Alabama Legislature passed § 28-4-115 in 1927. § 28 — 4-1(6), like § 28-4 — 115, was limited in its application to “dry counties” when the “Alabama Beverage Control Act” was passed in 1936. 1936-1937 Alabama Acts, Ex.Sess., No. 66, § 51, p. 82, now § 28 — 2-l(b) of the Code of Alabama (1975).
§ 28-4-200 of the Code of Alabama (1975) provides:
“Any person 19 years of age or over shall be entitled to have in his possession in his motor vehicle or a private residence or place of private residence or the curtilage thereof in any dry county in this state for his own private use and not for resale not more than the following quantity of alcoholic beverages, as enumerated and defined in section 28-3-1, when such beverages have been sold or distributed by and through a state liquor store operated by the Alabama Alcoholic Beverage Control Board or a licensee of such board, and the containers of such beverages have affixed thereto such mark or identification and sufficient revenue stamps as to show that such alcoholic beverages were sold or distributed by a state liquor store or a licensee of the Alabama Alcoholic Beverage Control Board and that the required tax has been paid; three quarts of liquor and one case of malt or brewed beverages or three quarts of wine and one case of malt or brewed beverages; provided, however, that no alcoholic beverages shall be kept, stored or possessed in the passenger area of any vehicle or in the view of any passenger. (Acts 1971, No. 1265, p. 2194, § 1.)”
There is no conflict between § 28-4-115 and § 28-4 — 200. Johnston v. State, 54 Ala.App. 100, 304 So.2d 918. § 28-4-115 and § 28-4-200 are mutually exclusive. § 28-4-115 deals with transporting five or more gallons of liquor, while § 28-4-200 provides for an exception by allowing possession of less than five gallons.
As stated in Johnston v. State, 54 Ala. App. 100, 103, 304 So.2d 918, 921 (1974):
“[§ 28 — 4—200] . . . does not purport to make any provision that deals with transportation, or transportation of more than five gallons of prohibited liquors. It purports only to make an exception, allowing the possession of a prescribed amount of less than five gallons tax paid alcoholic beverages in dry counties for personal use. Heretofore, the possession of any quantity was a violation and would have prompted a prosecution and confiscation upon conviction.
“The 1971 Act [referring to § 28-4-200] does not even contain the word ‘transport’.”
§ 28-4-200 has no application in this case. Appellant was charged in the indictment with transporting, not possessing, five (5) gallons or more of liquor and was tried and found guilty on that charge. The evidence provides ample support for a verdict of guilty of transporting five gallons or more of liquor.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.