On Application for Rehearing
This Court's opinion of February 13, 1998, is withdrawn and the following substituted therefore.
The appellant, Marvin Hill, Jr., was convicted of transporting five gallons or more of prohibited liquors or beverages in a dry county, a violation of § 28-4-115, Code of Alabama
1975.[1] Upon application of the Habitual Felony Offender Act ("HFOA"), the *Page 251 
appellant was sentenced to 18 years' imprisonment.
 I.
The appellant first contends that the evidence was insufficient to sustain his conviction. In support of this argument, he points out that the evidence indicated that he was not the driver of the vehicle transporting the liquor and that he had not purchased the liquor; he also notes that there was no evidence presented tending to show that he claimed ownership of the liquor. Although the appellant correctly notes that he was no more culpable than the driver of the vehicle, none of these issues is relevant to the issue whether the appellant violated § 28-4-115, Code of Alabama 1975.
The evidence at trial showed that the appellant's truck was seen by Donnie McGuire, the Russellville police chief, parked outside an Alabama Beverage Control ("ABC") Board liquor store in Muscle Shoals. Looking inside the store, he saw the appellant and another man, Donald Goldstein, purchasing liquor — each was carrying three or four bottles and each was making separate purchases. Muscle Shoals is in Colbert County, which is a "wet" county, i.e., the sale, possession, and transportation of liquor is permitted. There was nothing unlawful about the purchases by the appellant and Goldstein.
Russellville is located in Franklin County, which is a "dry" county, i.e., the sale, possession, or transportation of liquor is prohibited. McGuire, who knew that the appellant was from Russellville, notified the Russellville Police Department to be on the lookout for the appellant's truck as it entered the city. Patrol Officer Scott Lowery, upon receiving McGuire's information, saw the appellant's truck approaching Russellville from the Muscle Shoals area on Highway 43. He followed the truck into Russellville and radioed for other units. Lowery turned on his blue lights, and the truck pulled to the side of the road. Officer Lowery noticed that Goldstein was in the driver's seat and that the appellant was in the passenger seat. After getting Goldstein's consent to a search of the vehicle, the officers found two cases of beer and six liters of liquor under the hood of the truck. The two cases and six liters amounted to 6.08 gallons of alcoholic beverages. Two police officers remember vague accounts given by the appellant when the liquor was found, asserting that the alcohol was "his," although there were two receipts from the state store and although McGuire saw both the appellant and Goldstein carrying bottles to the counter for purchase. Although the appellant was charged with violating § 28-4-115, Code of Alabama 1975, Goldstein was not charged with any violation.
The appellant argues that the evidence supporting his conviction was insufficient because, he says, the evidence showed that he was a passenger rather than the driver of the vehicle carrying the liquor and because, he says, there was insufficient evidence that the alcohol was his. It is undisputed that Goldstein was driving the vehicle when it was stopped. Furthermore, despite the officers' testimony that the appellant claimed the alcohol was "his," the evidence tends to indicate that both Goldstein and the appellant purchased the alcohol and that they were jointly transporting it to Franklin County. This Court need not resolve the issue of who owned the alcohol, however, because the ownership of the alcohol is not an element of transporting under § 28-4-115. In Hughes v.State, 52 Ala.App. 244, 291 So.2d 331, 335 (1974), this Court stated that "ownership of the cargo is immaterial."Hughes parallels the present case in that, although the defendant in Hughes owned the vehicle used for the transporting, he was not driving when the vehicle was stopped and there was evidence that the person who was driving "owned" at least some of the liquor. Id. at 332-35. A passenger who owns part of the liquor can be convicted for unlawfully transporting liquor based either upon constructive possession, as in Hughes, 291 So.2d at 335, or upon accomplice liability. See Dotson v. State, 24 Ala.App. 216,135 So. 159 (1931), and Fitts v. State, 24 Ala.App. 405,135 So. 654 (1931). Outlining the level of proof required, the Alabama Court of Appeals stated in Fitts:
 "Merely riding in a car, knowing of the presence of five gallons or more of prohibited liquors therein, but having no connection *Page 252 
with the liquor or its movement in the car, is not made a felony by our statute. There must be a participation in the act of transportation, or an aiding or abetting therein, all of which must be proven beyond a reasonable doubt. While a presence in the car with knowledge of the liquors being transported is a circumstance to be considered in connection with others to determine whether the party charged is participating in, aiding or abetting such transportation, where there is no other fact tending to connect the defendant in any manner with the transportation, the fact of knowledge alone will not authorize a conviction."
135 So. at 655.
In the present case, the evidence showed that the appellant and Goldstein were involved in a common scheme to purchase alcohol and transport it into Franklin County. The mere fact that Goldstein was not charged with violating the statute has no effect on the question whether the appellant violated § 28-4-115. The evidence is sufficient to show that the appellant was more than a mere passenger in the vehicle, and that he was actively involved in transporting the liquor.
 II.
The appellant next argues that he cannot be convicted of violating § 28-4-115, Code of Alabama 1975, because, he says, although the total amount of alcoholic beverages found in his vehicle was more than five gallons, the total amount of "prohibited liquors," for purposes of § 28-4-115, was less than five gallons. He draws conclusion from the personal possession provision found in § 28-4-200,Code of Alabama 1975, which states:
 "Any person 19 years of age or over shall be entitled to have in his possession in his motor vehicle or a private residence or place of private residence or the curtilage thereof in any dry county in this state for his own private use and not for resale not more than the following quantity of alcoholic beverages, as enumerated and defined in section 28-3-1, when such beverages have been sold or distributed by or through a state liquor store operated by the Alabama alcoholic beverage control board or a licensee of such board, and the containers of such beverages have affixed thereto such mark or identification and sufficient revenue stamps as to show that such alcoholic beverages were sold or distributed by a state liquor store or a licensee of the Alabama alcoholic beverage control board and that the required tax has been paid: three quarts of liquor and one case of malt or brewed beverages; provided, however, that no alcoholic beverages shall be kept, stored or possessed in the passenger area of any vehicle or in the view of any passenger."
The appellant argues that one case of beer and three quarts of liquor, which he says he legally possessed under § 28-4-200, should be subtracted from the total amount of alcoholic beverages he was charged with transporting to determine the amount of prohibited beverages in his possession when he was stopped. It is undisputed that subtracting one case of beer and three quarts of liquor (slightly less than half of the total amount seized) would lower the remaining amount to less than five gallons.
No Alabama court has allowed a defendant to subtract the personal possession allowance in § 28-4-200 from the amount of alcoholic beverages transported in order to escape violating § 28-4-115. In fact, this Court stated in Johnston v.State, 54 Ala.App. 100, 103, 304 So.2d 918, 921
(Ala.Cr.App. 1974):
 "[§ 28-4-200] does not purport to make any provision that deals with transportation, or transportation of more then five gallons of prohibited liquors. It purports only to make an exception, allowing the possession of a prescribed amount of less than five gallons tax paid alcoholic beverages in dry counties for personal use."
The language quoted above indicating that the personal possession exemption does not concern transportation is somewhat confusing because § 28-4-200 clearly states that, if it is not stored in the passenger area, liquor for personal use can be carried in a "motor vehicle." However, the amount exempted for personal possession was clearly intended to *Page 253 
be smaller than the five-gallon amount in the transporting statute, [2] and under Johnston, the personal possession allowance has no bearing on the present case.
The appellant's argument that both the appellant and Goldstein should be allowed personal exemptions is not supported by the language of § 28-4-200 which allows "any person" to possess a specified amount of alcohol "in his motor vehicle." Although the appellant raises certain questions about what constitutes "his motor vehicle," the statute clearly does not contemplate allowing more than the specified exempt amount in any one vehicle.
 III.
The appellant alleges that the court fundamentally erred in its instructions to the jury in that, he says, the instruction contradicted the express language of § 28-4-200. The trial judge instructed the jury as follows:
 "Now, § 28-4-115 of the Alabama Code provides, in pertinent part, [that] it shall be unlawful for any person within this State to transport in quantities of five gallons or more any of the liquors or beverages, the transportation of which is prohibited by law in Alabama. To convict the defendant of the offense of transporting in this case, the State by the evidence must prove beyond a reasonable doubt each of the following two elements of the offense:
 "First, that the defendant, Marvin Hill, Jr., did transfer prohibited liquors or beverages, and
 "Second, that the prohibited liquors or beverages transported combined to amount to five gallons or more.
 "It is essential to a conviction for transporting that the State prove that the amount of prohibited liquors transported was five gallons or more. If you are not satisfied beyond a reasonable doubt that the defendant was engaged in the transport of a quantity of five gallons or more of prohibited liquors, then it is your duty to return a verdict of not guilty in this case. Prohibited liquors or beverages includes alcoholic liquors, spirituous liquors, and all mixed liquors, any part of which is spirituous, and beer.
 "Now, ladies and gentlemen, there is a statute regarding the possession of certain quantities of state tax paid alcoholic beverages for private use in a motor vehicle. It is the judgment of the Court, and it has been the ruling of the Court, that the statute applies to the possession of prohibited liquors and does not apply to the transporting of prohibited liquors. While a person may be entitled to have in his possession in his motor vehicle the number of the amount of liquor, which is specifically three quarts of liquor and one case of beer, that applies only to the possession of prohibited liquors and it is the rule of this court as a matter of law that that does not apply to the transporting of prohibited liquors or beverages."
According to the appellant, the third paragraph quoted above is a misstatement of the law because, he says, it contradicts the "express" language of § 28-4-200. In Part II of this opinion, we held that § 28-4-200 is inapplicable to cases involving transporting alcoholic beverages. Furthermore, even if § 28-4-200 applied to transporting cases, it would have no effect in this case. See Part II. Even if the instructions given by the judge did misstate the law, the instructions would constitute harmless error because the giving of these instructions could have had no effect on the outcome of the appellant's conviction. As this Court stated in Crowder v.State, 476 So.2d 1241, 1243 (1985):
 "The giving of an erroneous instruction is not ground for reversal where it could not in any manner have prejudiced the accused. Dennis v. State, 118 Ala. 72 23 So. 1002 (1898)."
Because § 28-4-200 had no effect on the appellant's conviction, the judge's instructions constituted, at most, harmless error. *Page 254 
 IV.
The appellant next contends that the trial judge erred by failing to properly reinstruct the jury on the elements of transporting when requested to do so after the jury had begun deliberations. The appellant notes that the judge gave a "reduced-to-nutshell" instruction of those elements and that his instruction did not include much of the explanatory language relating to § 28-4-200, nor did it include the definition of "prohibited liquors" that was included in the initial instructions to the jury. However, the record indicates that the judge was responding to the following specific request from the jury — "What were the two elements again?" The judge responded:
 "Ladies and gentlemen, I told you earlier that to convict the defendant of the offense of transporting in this case, the State by the evidence must prove beyond a reasonable doubt each of the following two elements of the offense of transporting:
 "First, that the defendant, Marvin Hill, Jr., did transport prohibited liquors or beverages, and;
 "Second, that the prohibited liquors or beverages transported combined to an amount of five gallons or more."
The judge's response adequately addressed the jury's concerns about the elements of transporting. The judge thereafter gave an opportunity for any further instructions by asking the jury, "Does that satisfy you? Is there any more about the law that anyone else would like to hear?" This Court in the past has stated that such "reduced-to-nutshell" reinstructions are not only proper, but recommended:
 "`A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury.' Thomas v. State, 455 So.2d 278, 281 (Ala.Cr.App. 1984). `When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response.' Davis v. State, 440 So.2d 1191, 1195
(Ala.Cr.App. 1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984)."
Green v. State, 591 So.2d 576, 579 (Ala.Cr.App. 1991). The trial judge adequately answered the jury's question without referring to anything beyond the jury's inquiry. Therefore, his reinstructions did not constitute error.
 V.
The appellant contends that he is entitled to a new trial because of alleged juror misconduct. Before the jury returned to the courtroom to announce its verdict, one juror ran crying from the jury room. She did not have permission from the court or the bailiff to leave the jury room. The jury foreman and two other jurors followed her and attempted to console her. According to the appellant, this episode constituted a separation from the jury that calls for a reversal of his conviction unless the State can provide affirmative proof that the appellant was not prejudiced by the separation.
The record reflects that the State carried its burden to show that the appellant was not prejudiced by the juror's leaving the jury room. During the hearing on the appellant's motion for a new trial, testimony was taken from the juror, explaining the details of how and why she left the jury room. She explained that she had been on medication, that she was under the care of a psychiatrist, and that she was suffering from "bad nerves" at the time of the trial. Furthermore, she said that during an earlier recess she had overheard one juror telling another juror that "he had put the foreman of [the jury] up to following me." Later, when during deliberations the final juror agreed to vote for a conviction and began crying, the juror got upset and left the jury room. She felt she had to leave the jury room because she "didn't want to break down in front of everyone, crying." The jury foreman and at least one other juror followed her out of the jury room and attempted to console her. Although she was scheduled to serve as a juror on the case following the appellant's, she was excused from that duty.
This episode did not prejudice the appellant; it occurred after the jury had already reached its verdict and there was no evidence that the juror was exposed to any improper influences while outside the presence of the rest of the jury. Because the foreman had already knocked on the door and told the *Page 255 
bailiff that the jury had reached a verdict before the episode, there is no chance that the juror's separation from the jury influenced jury deliberations. Furthermore, there was no evidence that the juror spoke with anyone other than other jurors when she was outside the jury room. In Franklin v.State, 45 Ala.App. 27, 221 So.2d 919, 921 (1969), the Alabama Court of Appeals held that a juror's separation did not prejudice the defendant when the separated juror represented to the trial court that he did not speak to anyone while outside the courtroom.
The appellant's complaints appear to be more directed at this juror's competence to serve as a juror rather than at her brief separation from the jury. The appellant cites the facts that she was on medication and under a doctor's care, and that she was unable to serve on the subsequent jury as showing prejudice to his case. However, these circumstances do not derive from her separation from the jury but were conditions that could have been discovered at voir dire examination. Furthermore, her overhearing other jurors talking about her during the trial does not indicate that anything improperly affected deliberations. Although she felt that she was being followed or watched, she stated that no one was forced to vote against his or her conscience and that the jury followed the judge's instructions and based its decision on the law and the evidence. The trial judge's decision to deny a motion for a new trial based upon juror misconduct should be reversed only if there has been a clear abuse of discretion. Rocker v. State,443 So.2d 1316, 1319 (Ala.Cr.App. 1983). We can find no such abuse of discretion from the record. Therefore, the appellant's conviction is due to be, and is hereby, affirmed.
OPINION OF FEBRUARY 13, 1998, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
All judges concur.
[1] Code of Alabama 1975, § 28-4-115, states:
 "It shall be unlawful for any person, firm, or corporation or association within this state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is prohibited by law in Alabama. Any person convicted of violating this section shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary of this state for a period of not less than one year, nor more than five years."
[2] Theoretically, the amount of the personal possession allowance could be greater than five gallons, because there is no precise measurement for "one case of malt or brewed beverages." The personal possession exemption protects those who possess up to three quarts of liquor and one case of malt or brewed beverages, without regard to whether this amount exceeds five gallons. See Copeland v. State,377 So.2d 1, 2 (Ala.Cr.App. 1979).