BOLES v. STATE.   (8 Div. 966.)

(Court of Appeals of Alabama.   April 3, 1923.)

1. Intoxicating liquors  ⊜⏤238(2) — Evidence held to warrant submitting to jury question of unlawful possession.

In a prosecution for manufacturing intoxicating liquor and possessing a still, where there was evidence that two large stills were found near defendant's house; and large quantities of corn whisky were located at different places on the premises, also several hundred pounds of sugar in a little house inside defendant's field, and the still was near a spring with

two paths leading from it to the spring, and on up to defendant's house, such evidence warranted the submission of the question of defendant's guilt or innocence to the jury.

**2. Criminal law ⇐⇒561(2)—Jury must believe defendant's guilt beyond a reasonable doubt.**

In a prosecution for violating the liquor law, whether the testimony be direct, positive, or circumstantial, a conviction cannot be had unless the jury believes beyond a reasonable doubt that defendant is guilty.

**3. Criminal law ⇐⇒753(1)—Affirmative charge not·proper where evidence tended to make case against party who asks it.**

The general or affirmative charge should never be given where there is any evidence tending to make a case against the party who asks it.

**4. Criminal law ⇐⇒811(2)—Charge singling out evidence properly refused.**

In a prosecution for violating the prohibition laws, an instruction that, if a still was found within 250 yards of defendant's home, with a path leading from the home to the still, and a box of sugar found in the woods near defendant's home. without more, this was not sufficient to justify a conviction, was properly refused as singling out the evidence, when there was other incriminating evidence against defendant.

**5. Criminal law ⇐⇒807(1), 813—Argumentative and abstract charge properly refused.**

A requested instruction that, to convict a man in order to help the schools and churches, without more. is a miscarriage of justice. and a persecution was properly refused as abstract and argumentative.

**6. Criminal law ⇐⇒1037(1), 1044, 1055—Objection, motion, and exception necessary to preserve objection to·improper argument.**

The proper way to present a question of alleged improper argument for review is to object to it when made, move its exclusion from the jury, and request the court to instruct the jury not to consider it, and, if the objection is overruled and motion denied, to reserve an exception.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Ollie Boles was convicted of violating the prohibition laws, and he appeals. Affirmed.

Charges 2 and 4, refused to the defendant, read:

"(2) Gentlemen of the jury, the fact, if it be a fact, that a still was found within 200 or 250 yards of defendant's home with a path leading from the home to the still and a box of sugar found in the woods near the home of the defendant without more, is not sufficient to justify a conviction of defendant."

"(4) Gentlemen, to convict a man in order to ·help the schools and churches, without more is a miscarriage of justice and a persecution."

Proctor & Snodgrass, of Scottsboro, for appellant.

The evidence was entirely circumstantial, and was not sufficient to justify a conviction. 16 Ala. App. 77, 75 South. 625; 18 Ala. App. 116, 90 South. 135; 18 Ala. App. 217, 90 South. 16; 92 South. 94; 18 Ala. App. 434, 92 South. 908.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record does not show that the bill of exceptions contains all, or substantially all, of the evidence, and the court cannot pass upon the refusal to give the affirmative charge. 14 Ala. App. 127, 72 South. 267; 192 Ala. 480, 68 South. 341, L. R. A. 1915E, 372; 200 Ala. 14, 75 South. 326.

BRICKEN, P. J. The indictment preferred by the grand jury against this defendant contained two counts. Count 1 charged that he distilled, made, or· manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. Count 2 charged the possession of a still, and followed the language of the statute (Acts 1919, p. 1086). There was a general verdict of "guilty as charged in the indictment," and the court duly sentenced the prisoner to an indeterminate term of imprisonment in the penitentiary for two years and six months as a minimum and to three years as the maximum punishment. From this judgment he appeals.

[1] No exceptions were reserved to the ruling of the court upon the testimony, except that, at the conclusion of the testimony offered by the state, counsel for defendant made a motion to 'discharge the defendant on the grounds that the testimony was not sufficient to convict him, and excepted to the action of the court in overruling said motion. We are of the opinion that the court properly overruled this motion, for the reason there were many incriminating facts and circumstances shown by this testimony. On the premises and near the house of this defendant there were found two large stills, one not in use, the other in operating condition, with fire under it, and warm when the officers arrived. In addition to these stills large quantities of corn whisky were located at different places on the premises of the accused, some of which was in close proximity to his dwelling house. At or near the still the officers found about 1100 gallons of beer. They also found several 10-gallon kegs, one of which was full of whisky; also a lard can containing about 3, 4, or 5 gallons of whisky. The keg of whisky was found in defendant's field, and was about 50 yards from his barn, the barn being near his dwelling house and between the house and the still. They also found

several hundred pounds of sugar in a little house out in the bushes, but inside the defendant's field. The still was near a spring, and there were two paths leading from the still to the spring and on up to defendant's house. Another can of corn whisky was found in the edge of the field, and tracks around this can came from the still and on up to defendant's house. There were other undisputed facts and circumstances disclosed by this evidence indicating an extensive and elaborate preparation and arrangement for distilling whisky on a large scale, and, while it was shown that the defendant was not at home when the officers arrived, we are of the opinion that, from the facts stated, and others of like import, there was sufficient testimony to submit the question of the guilt or innocence of the defendant to the jury. It would be difficult, we think, to conceive, as well as unreasonable to hold, with all this array of whisky, sugar, boxes, barrels, stills, and 1100 gallons of beer or mash, on the premises of the accused, and in such close proximity to his house, that the accused was ignorant of such facts, and that these conditions existed without his knowledge. We are of the opinion that, from all this testimony, the reasonable and necessary inference was afforded that the defendant owned or possessed the contraband articles found upon his premises, and we do not think that the jury did violence to their duty or to their conscience in so finding. And we think that the facts not only warranted the court, but required him, to submit the question of the guilt or innocence of the accused to the jury, under proper instructions, which in the instant case, the record shows, was by the court so submitted.

As stated by this court in Walker v. State, ante, p. 20, 95 South. 205:

"A charge of this character can be sustained upon what is known as circumstantial evidence, just as can any other criminal charge, and it becomes a question for the determination of the jury."

To hold otherwise would result in laying down the rule that, unless the testimony disclosed that the accused was caught in the actual commission of the offense, there could be no conviction. A rule of that character would open an avenue of absolute safety to the lawbreaker, and render his conviction impossible by his merely absenting himself from his own still and its operation.

[2] As heretofore announced by this court:

"The same rules of evidence apply in cases involving the violation of the prohibition laws in its several phases as it does in all other criminal cases, and there should be no differentiation in the application of these rules simply because the accused is charged with this character of offense." Clark v. State, 18 Ala. App. 217, 90 South. 16.

This simply means that, without reference to the character of the testimony, whether direct, positive, or circumstantial, a conviction cannot be had unless the jury, after a consideration of all the testimony, believes beyond a reasonable doubt that the defendant is guilty.

[3] From what has been said the defendant was not entitled to the affirmative charge, and charges 1, 3, 5, and 6, each being, in effect, the affirmative charge, were properly refused. The oft-announced rule is that the general or affirmative charge should never be given where there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it.

[4] Charge 2 was properly refused, as it singles out a part of the evidence; and it clearly appears from the bill of exceptions that there was other and further testimony than that upon which this charge was predicated, incriminating in its nature, against this defendant.

[5, 6] Charge 4 was bad, and was properly refused. It is not only abstract, but is also argumentative. It is stated by counsel in brief:

"This charge was requested as a result of an eloquent appeal of the solicitor to the jury to convict the appellant, and admonishing them that their failure to do so would be a serious menace to the churches and schools of the community."

It is conceded by counsel that the record does not show that such argument was made to the jury by the solicitor. The question cannot be raised in this manner; that is, by a special charge. The proper way to present such a question for review is to object to the improper argument when made in the lower court, and to move its exclusion from the jury, and request the court to specifically instruct the jury not to consider such improper argument in their deliberations, and, if the objection is overruled, and motion denied, to reserve an exception to such rulings of the court.

We have considered all questions presented on this appeal. The record is free from error; therefore the judgment appealed from must be, and is, affirmed.

Affirmed.