328 So.2d 630

**Calvin C. WELDEN**

**v.**

**STATE.**

**7 Div. 432.**

Court of Criminal Appeals of Alabama.

March 9, 1976.

Beck & Beck, Fort Payne, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

HARRIS, Judge.

By agreement appellant was put to trial in the DeKalb County Court upon the following complaint:

"COMPLAINT—V.P.L.

THE STATE OF ALABAMA          DEKALB COUNTY COURT
DEKALB COUNTY                 ——————— SESSION, 19——
NO. 6047

Before me, CECIL REED, Clerk of De-Kalb County Court of said County, personally appeared Harold Richards who, being duly sworn, deposes and says that he has probable cause for believing, and does believe, that within twelve months before making this affidavit and in said County, Calvin C. Welden, whose name to affiant is otherwise unknown, did buy, sell, or have in possession illegally, prohibited liquors contrary to law and against the peace and dignity of the State of Alabama.

/s/ Harold Richards

Sworn to and subscribed before me this 18th day of October, 1974.

/s/ Cecil Reed

DeKalb County Court

————◆————

Appellant pleaded not guilty and the case was tried by a jury and the jury returned a verdict finding him guilty as charged and assessed a fine of $500.00 against him.

As additional punishment the Court sentenced appellant to six month in the DeKalb County Jail. At the time sentence was imposed, appellant gave notice of appeal.

DeKalb County is a dry county. Under the provisions of Title 29, Section 262, Code of Alabama 1940 (Supplement), a person may have in his possession not more than three quarts of liquor and one case of malt or brewed beverages or three quarts of wine and one case of malt or brewed beverages provided it is for his personal use and provided further that it is tax paid liquor or beverages. It is a violation of the law for a person to have in his possession in a dry county any amount of alcoholic beverages in excess of the quantity above specified.

Mr. Gerald Taylor, a State Trooper stationed in Fort Payne, testified that on the night of October 18, 1974, he was parked on the entrance ramp to go south on Interstate Highway 59. While so parked he saw a car traveling north in the northbound lane attempting to exit off the interstate. That the driver of the car was driving in a very erratic manner and ran over a concrete median. After striking the concrete median the car continued up to a county road, turned left and went across the bridge of the interstate at which point the Trooper stopped the vehicle. The officer approached the driver and asked to see his driver's license and he did not have a driver's license. The driver's name was York.

The officer had known appellant prior to the night of October 18, 1974, and he was in the car on the passenger's side when the car was stopped. The officer observed Mr. York and stated that in his judgment he was intoxicated. He asked Mr. York if he would mind opening the trunk of his car. Appellant was the only other person present in the stopped vehicle. Mr. York opened the trunk of the car and the officer saw a case of whiskey in pint bottles. At this point appellant got out of the car and walked to the rear of the car and told the officer that the whiskey belonged to him and the driver had nothing to do with it. Appellant was not under arrest and the officer had not said anything to him before appellant admitted ownership of the whiskey. Mr. York and appellant were carried by the State Trooper to the DeKalb County Sheriff's Department where they were turned over to two Deputies of the Sheriff along with the case of whiskey.

Deputy Sheriff A. B. Johnson testified that he was on duty the night of October 18, 1974, when Trooper Taylor called in and said he had caught appellant and for them to make a case against him for V.P.L. Appellant was placed under arrest charged with violating the prohibition law and committed to jail. Trooper Taylor gave the case of whiskey to Deputy Johnson who kept it locked up until the trial. Over appellant's objections that the whiskey was seized without a search warrant the case of whiskey was admitted in evidence.

During the trial Deputy Johnson was asked if he was familiar with the odor, smell and taste of whiskey and he said he was. He was then asked to pick a pint bottle at random from the case and open it and taste it. He did so and testified that it was bourbon whiskey. He stated that all the other bottles were identical to each other and bore the label "Old Quaker, 6-year old straight bourbon whiskey." The case with the twenty-four pint bottles was received in evidence as State's Exhibit No. 1.

On cross-examination this witness testified that this case of whiskey was sold by the Alabama A.B.C. Board and that it was tax paid whiskey.

After the State rested, appellant made a motion to exclude the State's evidence on the ground the State failed to make out a prima facie case against appellant. The motion was overruled.

Mr. Jim McCullough testified in behalf of appellant. According to his testimony

on the morning of the occasion of appellant's arrest, he had loaned his automobile to appellant. He stated that at the time he loaned his car to appellant the case of whiskey that the State Trooper found was already in the trunk of the car and that he forgot to tell appellant about it. He said the whiskey belonged to a club that he was running for the members and that the club was located on Highway 75 near Rosa's Grocery Store in DeKalb County. That different members of the club would go to the State liquor store from time to time and buy whiskey for the club and that is what happened so far as the case of pints involved here is concerned. He stated he just forgot to take the whiskey out of his car and just forgot to tell appellant that the case was in the trunk of the car.

On cross-examination he admitted he was appellant's son-in-law.

Appellant testified that on the night he was arrested he was on his way home from Birmingham where he had an operation on his mouth at the Veterans' Hospital. He stated that when they were stopped by the State Trooper it was because the lights on the car were failing and he told the officer that the driver was not responsible because he had borrowed the car from another fellow. He testified that was all that was said but the officer carried them to Fort Payne. He denied telling the officer that the whiskey belonged to him and that the driver did not have anything to do with it. He denied that the trooper asked the driver if he minded opening the trunk and denied that the trunk was ever opened or that any statements were made with reference to a case of whiskey in the trunk of the car.

■ Conflicting evidence presents a question for the jury as to the guilt of the defendant. *Morris v. State*, 47 Ala.App. 132, 251 So.2d 629; *Jones v. State*, 55 Ala. App. 466, 316 So.2d 713.

■ Searches without warrants are constitutionally permissible when executed with the owner's consent. *Payton v. State*, 47 Ala.App. 347, 254 So.2d 351; *Osner v. State*, 54 Ala.App. 520, 310 So.2d 241.

■ In *Daniels v. State*, 290 Ala. 316, 276 So.2d 441, Justice Bloodworth, writing for a unanimous court, set forth six exceptions under which warrantless searches have been upheld. These are:

1. In "plain view;"

2. With "consent" voluntarily, intelligently and knowingly given;

3. As "incident to a lawful arrest;"

4. In "hot pursuit" or "emergency situations;"

5. Where "exigent circumstances" exist coincidental with "probable cause" (as in case of movables); and

6. In "stop and frisk" situations.

■ We believe the search in this case can be upheld on any one of three of the exceptions under which warrantless searches have been held valid, viz.: (a) consent, (b) incident to a lawful arrest, and (c) exigent circumstances.

The officer had the legal right to arrest the driver for operating a motor vehicle on a public highway and without a valid driver's license. Upon observing that the driver was intoxicated in a dry county he had probable cause to believe there were intoxicating beverages in the automobile. There was no time to go and get a search warrant as the driver of the car would have left the scene before the officer returned armed with a search warrant. The driver of the car not only consented to the search, he voluntarily opened the trunk for the officer's inspection. *Osner v. State*, 54 Ala.App. 520, 310 So.2d 241, certiorari denied, 293 Ala. 769, 310 So.2d 247.

■ Appellant contends that whiskey bought from a "State Store" cannot be classified a "prohibited liquor." We have held to the contrary as respects "dry counties" in Alabama when the quantity exceeds the exceptions spelled out in Title 29,

Section 262, supra. *Hughes v. State,* 52 Ala.App. 244, 291 So.2d 331; *Clark v. State,* 53 Ala.App. 495, 301 So.2d 258; *Johnston v. State,* 54 Ala.App. 100, 304 So.2d 918; *Graham v. State,* 45 Ala.App. 79, 224 So.2d 905.

■ Where there is a reasonable inference to prove the existence of the corpus delicti, the Court must submit to the jury for consideration the question of the sufficiency and the weight of the evidence tending to support that inference. *Hines v. State,* 260 Ala. 668, 72 So.2d 296; *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690.

We have carefully examined the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.

AFFIRMED.

All the Judges concur, except CATES, P. J., who concurs in the result.