HARRIS, Judge.
Appellant was tried and convicted upon an indictment charging him with possession of marijuana. Appellant’s employed counsel was present with him at arraignment and he entered a plea of not guilty. The jury returned a verdict of guilty as charged and declined to assess a fine. The Court adjudged appellant guilty pursuant to the verdict of the jury and sentenced him to eight years in the penitentiary. Appellant gave notice of appeal, and the sentence was suspended pending appeal and his bond was fixed at eight thousand dollars. He made bond and is presently free from custody.
There was no motion to exclude the State’s evidence; there was no motion for a new trial, and no exceptions were reserved to the oral charge of the Court. Appellant requested the affirmative charge which was refused. He filed a motion to suppress the marijuana that was found in his 1973 Chevrolet Vega station wagon on the ground that his vehicle was searched without a search warrant and without probable cause. A hearing was conducted on this motion out of the presence and hearing of the jury.
The testimony on the hearing of the motion to suppress tended to show that on Saturday, February 7, 1976, appellant, his wife and one of their three children left their home in Dothan, Alabama, to visit appellant’s mother near Orlando, Florida. On Sunday morning, February 8, 1976, at about 7 o’clock Central Standard Time they started on the return trip to Dothan. As they were approaching Dothan around 2 o’clock p.m. on Highway 84, they were stopped by Lamar Hadden, an ABC Board Officer.
Hadden approached the car driven by appellant and started to show him his badge when appellant told the officer, “I know you Birddog.” Appellant testified that the officer told him that he had received a telephone call informing him that appellant would be in Dothan that afternoon with marijuana in his car and that the officer asked to search the car. Appellant told the officer that he didn’t know anything about it and that he never had any marijuana. He further testified that the officer stated that he received the telephone call that morning at 9:00, informing him that appellant had marijuana in his car and that he needed to search the car and told him to open the tailgate to his station wagon. Appellant stated that he opened the tailgate upon the order of the officer and he observed the officer push some oranges forward, raise up the spare tire case and take out a brown paper bag with something in it. The officer took the paper bag and its contents to his patrol car and told appellant he would follow them to the jail. When appellant and his wife arrived at the jail, they were given the Miranda rights and warnings. Appellant further stated that his vehicle was searched without a search warrant, and that he did not consent to the search. Appellant further stated he signed the waiver of rights form and waited for someone to sign his bond.
Appellant’s wife, Carol Kirkland, testified at the hearing to suppress and her testimony was substantially the same as that of her husband. She denied knowing anything about the marijuana being in the car and she further stated that Officer Hadden said he received a telephone call that morning at approximately 9 o’clock that there was marijuana in the car and that he had to search the car. That the officer told her husband to open the tailgate to the station wagon and she saw the officer remove a brown paper bag and he told her husband he would have to go to jail. She stated her husband asked the officer if he could carry his wife and child by his home first and the officer said no and that he would follow him to jail. She said when they got to the jail, she and her husband were read their rights. She stated her husband was arrested but she was allowed to call a friend to take her and her child home.
Officer Lamar Hadden testified that he was an Agent with the ABC Board and on February 8, 1976, was assigned to the En *808 forcement Division dealing with drugs and whiskey. He stated that on Sunday morning, February 8, 1976, he came home from Sunday School about 11 o’clock and his telephone was ringing. He answered the telephone and recognized the voice of the person calling. He said the caller was a police informer and he had known him for eight, ten or twelve years and knew him to be a reliable person. That this informer had given him information in the past that proved to be true. That the information furnished him by this informer had led to the arrest of three persons. Of the three persons arrested one had been convicted and cases involving the other two were presently pending in Court.
Hadden further testified that the informer told him that appellant was en route from Florida to Dothan with approximately five pounds of marijuana and that he should be in Dothan almost anytime, and that he would be driving a 1978 Chevrolet Vega green station wagon. Hadden called another agent and related this information to him and asked him to go with him but this agent was busy on another matter and could not go. Hadden then left his house and drove by appellant’s home and did not see the station wagon. He then drove out on Highway 84 and set up a surveillance. While waiting at an appointed place on Highway 84 Hadden called the State Troopers Station and requested that they run appellant’s name through the NCIC and give him the tag number on this 1973 Chevrolet Vega station wagon, and in a few minutes he was furnished the tag number.
From the record:
“THE COURT: But going further on, you say that the informer told you that Damon Kirkland was on route from Florida to Dothan with marijuana in his car?
“THE WITNESS: Yes, sir.
“THE COURT: How did he tell you that he knew this to be true?
“THE WITNESS: Yes, sir. He said he saw the marijuana in the car.
“THE COURT: Saw the marijuana in Damon Lee Kirkland’s car?
“THE WITNESS: Yes, sir.
“THE COURT: When did he say he saw it in Damon Lee Kirkland’s car?
“THE WITNESS: Just prior to his leaving Florida.
“THE COURT: Did he say who was around at this time?
“THE WITNESS: No, sir. - He didn’t.
“THE COURT: Okay. Go ahead Mr. Martin. I wanted to find out how the informer knew or what he said about how he knew.”
Hadden further testified that he continued to watch the traffic and at approximately 2:00 p.m., he saw appellant driving the green 1973 Chevrolet Vega station wagon on Highway 84 headed toward the city of Dothan and saw his wife and child in the vehicle. He started chasing appellant and finally turned on the blue light and stopped him. The officer walked up to the driver’s side of the station wagon and started to identify himself when appellant said, “Bird-dog, I know you.” Hadden told appellant he had a report that appellant had marijuana in his car and appellant said he didn’t have any. According to Hadden’s testimony he told appellant that he had to search the car and appellant said, “go ahead and search it.” Hadden found the bag of marijuana and appellant was placed under arrest at the jail after he was given the Miranda rights and warnings.
At the conclusion of the hearing to suppress the Court overruled the motion and the evidence was presented to the jury.
The evidence before the jury was essentially the same as presented on the motion to suppress with the officer testifying that appellant gave him consent to search the station wagon and appellant denying that he consented to the search.
Hadden further testified that he personally delivered the bag he removed from the station wagon to Mrs. Melinda Long, a Crime Laboratory Analyst at the Enterprise Division of the State Department of Toxicology.
Mrs. Long testified that she received the bag from Officer Hadden and conducted a laboratory examination of the substance *809 found in the bag and determined the substance to be marijuana. The bag was introduced into evidence over appellant’s objections, and consisted of four pounds, nine ounces marijuana.
Appellant called four witnesses who testified to his good character and that they would believe him on oath.
In rebuttal the State called two police officers who testified that appellant had a bad reputation in the community.
The major question presented on this appeal is whether the trial court committed reversible error in overruling the motion to suppress the State’s evidence on the ground that the contraband was illegally seized without a valid search warrant. Stated another way, was the warrantless search of appellant’s vehicle valid under the facts and circumstances in this case?
Laying aside the conflicting evidence relating to appellant’s consent to search his station wagon wé think the search was constitutionally valid because of the existence of “exigent circumstances” coincidental with “probable cause.” This is one of the well recognized exceptions under which warrantless searches have been upheld. Daniels v. State, 290 Ala. 316, 276 So.2d 441; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Osner v. State, 54 Ala.App. 520, 310 So.2d 241; Welden v. State, 57 Ala.App. 379, 328 So.2d 630.
Officer Hadden certainly had “probable cause” to believe that appellant had marijuana in his automobile based upon an informer’s tip and especially in the light of the fact that the informer had proved to be reliable in the past as set out in the facts of this case. The informer told Officer Had-den that appellant was en route to Dothan with approximately five pounds of marijuana and should be in Dothan almost anytime. It would have been foolish for Officer Had-den to leave his observation post and try to find a Magistrate on Sunday to issue a search warrant. We hold the search of appellant’s station wagon was constitutionally valid in this case.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.
CATES, J., concurs with opinion.