The appellant was indicted and convicted for the unlawful possession of a controlled substance, chlordiazepoxide, contrary to and in violation of Sections 20-2-29 and 20-2-70, Code of Alabama 1975. The jury fined the appellant three hundred dollars and the trial court imposed a three year term of imprisonment. The only issue presented by the appellant is the propriety of the warrantless search of his motor vehicle.
 I
The evidence concerning the search is undisputed. Between 1:15 and 1:30 on the afternoon of July 29, 1977, agent Sam Robinson of the "United Narcotics Detail" (UNDO) of Jefferson County received a telephone call from a confidential and reliable informer. The informer specifically described the vehicle the appellant was driving, where it was located, the type of drugs and where they were located in the appellant's vehicle. The informer stated that the appellant was in the van and was "stoned".
There was testimony that the informer had given information in the past upon which both arrests and convictions had been secured. Agent Robinson testified that he had "bought drugs off" the appellant and, in the summer of 1977, had arrested the appellant for violation of a narcotics law.[1] There was testimony that the informer had stated that he had seen the appellant "in the alley and the pills in the rear compartment" of the appellant's van "just a few moments before he called Deputy Robinson".
Robinson and two other UNDO agents separately arrived at the location given by the informer at 1:40 that afternoon. The informer's information proved correct. Twenty-six tablets of chlordiazepoxide in a tin-foil package marked "Mexican Quaalude" were found behind some oil cans in the rear engine compartment of the appellant's Volkswagen van. The van was occupied by the appellant and a female. When the agents arrived at the scene the appellant was sitting in the driver's seat and the engine was running. One agent testified that the van "started to back up as we pulled in behind him".
While exigent circumstances are not automatically supplied just because an automobile is involved, Coolidge v. NewHampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the warrantless search of the appellant's vehicle was justified because of the presence of probable cause plus exigent circumstances. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975,26 L.Ed.2d 419 (1970); Daniels v. State, 290 Ala. 316, *Page 328 276 So.2d 441 (1973). In New v. State, 337 So.2d 1355, 1359
(Ala.Cr.App. 1976), this court stated the rule justifying the warrantless search of an automobile.
 "To meet the burden cast on it, the prosecution may justify the search of an automobile without a search warrant by establishing: (1) that there was prior reasonable cause for belief that the automobile contained articles which by law are subject to search and seizure, and (2) that the processing of a search warrant was impracticable because of imminence of escape or loss of evidence. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543."
The evidence clearly establishes that the agents had probable cause to believe that the appellant's van contained a controlled substance. Hatton v. State, 359 So.2d 822
(Ala.Cr.App.), cert. quashed, 359 So.2d 832 (Ala. 1977);Kirkland v. State, 342 So.2d 806 (Ala.Cr.App.), cert. denied,342 So.2d 810 (Ala. 1977). The facts show beyond question that the processing of a search warrant was impracticable because of the imminence of escape or the loss of the evidence. "The search of a motor car without a warrant rests on expediency — particularly where time does not allow going for a warrant."Spurlin v. State, 46 Ala. App. 485, 487, 243 So.2d 758, cert. denied, 286 Ala. 738, 243 So.2d 763 (1969).
 II
We have examined the evidence and found it sufficient to support the appellant's conviction for possession of a controlled substance.
The van was occupied by the appellant, who was sitting in the driver's seat, and a female sitting in the front passenger's seat. The drugs were found in the rear engine compartment of the van behind some oil cans. Although the van was registered to the appellant's brother in Mobile there was testimony that the brother had given the van to the appellant. The appellant had been seen driving the same van two or three weeks prior to his arrest. The appellant was "extremely intoxicated" when arrested although the odor of alcoholic beverages was not detected. No drugs were found on the appellant's person. The arresting agents knew the appellant had a recent history of drug involvement.
There was no testimony on the physical or mental condition of the female passenger. A small "reefer" (marijuana cigarette) and some syringes were found in her purse. Besides the chlordiazepoxide and this marijuana, no other drugs were found.
The mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs. Pryor v.State, 48 Ala. App. 465, 265 So.2d 907 (1972); Parks v. State,46 Ala. App. 722, 248 So.2d 761 (1971). However the defendant's presence when coupled with the existence of additional evidentiary factors from which the defendant's unlawful possession may be inferred may furnish sufficient evidence to support a conviction for possession. 57 A.L.R.3d 1319 (1974). Other evidentiary factors which have been considered are (1) incriminating statements made by the defendant at the time of his arrest, 57 A.L.R.3d at 1326; (2) suspicious or incriminating behavior by the defendant when he became aware of the presence of law enforcement officers, 57 A.L.R.3d at 1327; (3) the participation of the defendant in a recent sale of drugs, 57 A.L.R.3d at 1328; (4) the fact that the defendant was under the influence of narcotics at the time of his arrest, 57 A.L.R.3d at 1329; (5) the proximity of the defendant to the location of the drugs, 57 A.L.R.3d at 1329; or (6) the fact that the drugs were found in plain sight in the automobile, 57 A.L.R.3d at 1330. The appellant's knowledge of the presence of drugs may be established by circumstantial evidence. Smith v.State, 351 So.2d 668 (Ala.Cr.App.), cert. denied, 351 So.2d 675
(Ala. 1977); Roberts v. State, 349 So.2d 89 (Ala.Cr.App.), cert. denied, 349 So.2d 94 (Ala. 1977).
Here the evidence presented raised a question of fact for the jury. The presence of the appellant coupled with the evidence *Page 329 
of his ownership, dominion and complete control over the vehicle, his state of intoxication without the odor of alcoholic beverages, his known past involvement with drugs, and the location of the drugs in the rear engine compartment of the appellant's vehicle constituted circumstantial evidence of the appellant's knowledge and possession of the drugs. See Corraov. State, 154 Ind. App. 525, 290 N.E.2d 484 (1972), recognizing that constructive possession of drugs found in the trunk of an automobile could be attributed to the driver who was also the owner-occupant of the vehicle despite the fact that there were other passengers in the automobile. There is no evidence that someone other than the appellant had recent access to the rear compartment where the drugs were found. Under these circumstances the trial court properly submitted the issue to the jury.
We have searched the record and found no error prejudicial to the appellant. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.
[1] Officer Robinson testified that on this occasion the appellant "ripped (him) off with bad dope" and "sold (him) a hundred and fifty dollars worth of purple Kool-Aid" instead of M.D.A.