On August 17, 1982, the appellant was found guilty of the offense of trafficking in cannabis. He was sentenced to 15 years' imprisonment.
The appellant attacks his conviction on the grounds that the State failed to prove a prima facie case of constructive possession. The State's case in chief consisted of the following:
Thomas Lewis Steele testified that he knew the appellant. He stated that he (Steele) broke into an apartment located at 817 South Decatur Street and stole a pound and a half of marijuana. The witness stated he talked to the appellant after this incident and appellant complained that someone had broken in and gotten his marijuana.
Steele further testified that after police searched the apartment on February 10th but before the appellant knew the witness had acted as the police informant, the appellant told him that the police had gotten the marijuana but they had not gotten him.
Steele testified that two weeks later, he and the appellant went to 817 South Decatur Street. The witness said the appellant walked around the building to the side that the searched apartment was on. Steele said after some time the appellant returned with a quarter pound of marijuana which he gave to the witness to sell for him. The witness stated that the appellant had given him marijuana to sell a number of other times. Steele also testified that on one occasion he saw the appellant's car parked in front of 817 South Decatur Street.
Janice Watson testified that she was appellant's sister. She stated that she was living at 817 South Decatur Street, but that from September 1981 through a large part of February 1982 she did not stay full-time at that address. Watson further stated that she went to the apartment in December and found it had been broken into.
She testified that there were three keys to the apartment. She had one, one was in the possession of a friend and the third was kept in a jewelry box at her parents' house so that members of her family could check her mail. In addition, she said that the appellant sometimes stayed at his parents' house where the third key was kept.
She testified that no one was supposed to be living in the apartment in February and her boyfriend did not have any of his clothes stored there at that time.
Investigator N.W. Ward of the Montgomery County Sheriff's Office testified that on February 10, 1982, he executed a search warrant to gain entry to 817 South Decatur Street. He stated that no one was in the apartment when officers arrived and they entered by forcing the door. Ward said that his search of the apartment revealed five plastic bags in a closet next to the *Page 611 
bedroom, which he turned over to the evidence technician on the scene. In addition, he testified that both women's and men's clothing were found in the bedroom closet as well as letters addressed to the appellant.
J.R. Russell, Jr. of the Montgomery Police Department testified that he was the evidence technician during the search of the apartment. He stated that plant material was found in various locations in the apartment including under the bed, on the floor next to the bed, on a kitchen shelf, in a hall closet, and sitting in a tray in plain view on the living room floor.
Russell also testified that a receipt from the Pardon and Parole Board in the appellant's name dated February 5, 1982, five days before the date of the search, was found in the bedroom closet. The witness stated further that the search also revealed personal papers, get-well cards and court papers all either addressed to appellant or in his name.
Allen Adair testified that he was a criminalist with the State of Alabama Department of Forensic Sciences, Montgomery Division. He stated that he was not present when the search was conducted, but that he examined the evidence obtained in the search.
He testified that the plant material he examined was marijuana and that the total amount seized was 77.3 ounces.
Appellant claims that the trial court committed error by not granting his motion to suppress the evidence and by not granting his motion for a directed verdict of acquittal. He supports his assertions by arguing that the State failed to prove a prima facie case of constructive possession.
We find that appellant's position is without merit.
Since appellant was not found in actual possession of the contraband, it was necessary for the State to prove constructive possession. The three elements necessary to show possession, whether actual or constructive are
 "(1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control." Radke v. State, 52 Ala. App. 397, 293 So.2d 312, aff'd, 292 Ala. 290, 293 So.2d 314 (1974).
Although each of these elements is necessary to show constructive possession, the use of direct proof is not required, and possession may be established by an adequate showing of surrounding facts and circumstances. Luker v. State,358 So.2d 504 (Ala.Cr.App. 1978).
In addition, as this court has stated
 "Constructive possession may be determined by weighing facts tending to support a defendant's necessary control over the substances against facts which demonstrate a lack of dominion and control." Crane v. State, 401 So.2d 148 (Ala.Cr.App.) cert. denied, 401 So.2d 151 (Ala. 1981).
Testimony indicated that the appellant had been in the apartment where the marijuana was seized; he had access to a key to the apartment; and he admitted to Steele on at least two occasions that the marijuana found by the police was his.
In addition, numerous items of appellant's personal correspondence, as well as a receipt from the Pardon and Parole Board dated only five days before the search was carried out, were found.
After a careful review of the State's evidence, we find that constructive possession of the contraband by the appellant was sufficiently proven, the trial court did not commit error, and that this judgment is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 612