SAM TAYLOR, Judge.
From his conviction for possession of dia-zepam and misdemeanor possession of marijuana, for which he received concurrent sentences, Jeffrey Howard Coffin brings this appeal.
The state’s evidence tended to show that officers of the Montgomery Police Department had suspected the appellant of drug violations for some 18 months, and had watched him from time to time. While securing information in order to obtain a warrant, the officers observed the appellant’s residence one evening. They observed the appellant going in and out of the house, and to and from his car. That night, they saw other people enter and leave the house. They then made plans for a “controlled buy under police regulations.” Under this arrangement, the prospective purchaser was searched and it was ascertained that he had no drugs. He was then given money and sent to the house. He returned without the payment money, but with some illegal drugs in the form of pills. As a result of this, the police officers obtained a search warrant for the house and the automobile, and they executed the warrant the next day. They found marijuana in the bedroom of the residence where the appellant had been observed the previous night. In a car registered to appellant they found 279 pills, marijuana rolling paper and a roach clip. The previous night appellant had been seen making trips to and from the same vehicle while it was *1264 parked. The pills discovered in the search were diazepam, a controlled substance.
I
Appellant first contends that the court erred to reversal in overruling an objection to testimony relating to a statement made by a police informant. The question was whether or not the appellant was present in the house from which the controlled buy was made.
The officers had observed appellant Coffin leaving and reentering the house as well as the automobile and they had personal knowledge that he was in the house. The informant’s information about appellant's presence was merely cumulative. There is no contention that the appellant was not in the house that evening. We do not see that this portion of the testimony prejudiced appellant’s case, and so find no merit to this issue.
II
Appellant asserts that the evi1 dence was insufficient to prove his possession of the drugs. The testimony of the officers executing the search warrant was that marijuana was found in the front bedroom of the house, where the appellant had been observed to be for quite some time. In this room the officers found the appellant’s birth certificate, an insurance statement with appellant’s name on it, a motor vehicle registration tag and a tax receipt in appellant’s name. As previously mentioned, the officers had observed the appellant going from the house out to his car at least three or four times the previous night. As we noted, they found a quantity of contraband in the vehicle. There was evidence from which the jury could find appellant to have been in actual possession of the vehicle and of the drugs contained therein. There was further evidence from which the jury could find that the appellant was in constructive possession of the contraband. The use of direct proof to show constructive possession is not necessary; the elements of such possession may be proven through a sufficient showing of the surrounding facts and circumstances, Franklin v. State, 437 So.2d 609 (Ala.Cr.App.1983), and such a showing was made in this case. The only evidence to contradict the possession by the appellant was that his mother and sisters also lived at the house searched. We are convinced that there was sufficient evidence of both actual and constructive possession to present a jury question in this case, including evidence on the issue of knowledge of the existence and specific whereabouts of the contraband. Consequently, the conviction is due to be affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., concurs in result only.