Appellant Kemp was found guilty of sodomy in the first degree for performing oral sex on a thirteen-year-old boy and was sentenced to life imprisonment. He raises three issues on appeal.
The state's evidence indicated that during a school recess the 13-year-old victim was accosted by the appellant, who asked him for help. The boy had met the appellant at a video arcade a few months earlier. The boy left with the appellant and they began walking towards the appellant's trailer. On the way, the appellant pulled a knife and menaced the boy with it. Upon arriving at the trailer, the appellant forced the boy inside. He then gave the boy some "home brew" and showed him some pornographic magazines. With the knife in his hands, the appellant then forced the boy back into a bedroom and made him remove his clothes. The appellant then removed his own clothes and forced the boy to lie down beside him. The victim testified that at this time he was not sure where the knife was. The appellant then performed oral sex upon the boy and told the boy that if he tried to run away he would kill him. They both dressed and went back into the living room of the trailer. The appellant again had the knife in his hand. Soon thereafter he forced the boy back into the bedroom, where he again performed oral sex upon him. When they next returned to the living room, appellant Kemp threatened to stab the boy if he tried to leave. He stabbed the sofa arm with the knife to demonstrate what he might do to the victim. The victim testified he was compelled to accompany Kemp, first to the house of an acquaintance, then in the direction of a hospital. On the way, a police patrol car drove by and the victim, seeing it, ran from Kemp and jumped into the patrol car. He related to the officer enough of what had happened for the officer to arrest the appellant. After the appellant was read his rights, the officer asked the appellant if they could go into his trailer. The appellant consented and gave the officer the keys to the trailer. The officer then went to the trailer and searched the trailer, where he found the knife and other evidence which tended to corroborate the boy's recitation of the facts.
 I
The appellant argues that he was denied a fair trial because of the systematic exclusion of blacks from the jury. In this case, the appellant struck one black and the state struck the remaining seven black veniremen. Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), requires that the state provide a neutral reason for striking the black members of the venire when the defendant is black. Pursuant to our decision in Smith v. State, [Ms. 6 Div. 5, February 10, 1987] (Ala.Cr.App. 1987), we remand this case for the prosecutor to come forward with race-neutral explanations for his peremptory strikes of the seven black members of the venire. If the prosecutor is unable to set out race-neutral explanations, the appellant is entitled to a new trial. Should the trial court determine that there was no purposeful discrimination, a return shall be filed with this court containing the evidence at this hearing and the trial judge's finding following the hearing.
 II
The appellant asserts that the trial court committed reversible error when it overruled his motion for mistrial. The motion was based on the state's displaying, in front of the jury, a knife that was ruled inadmissible because of violation of appellant's discovery motion. The appellant also asserts that the knife was the fruit of an illegal search and seizure. The appellant further argues that the trial court erred to reversal when it allowed testimony concerning the knife from the police officers who conducted a search within appellant's trailer. *Page 850 
Consent to a search removes the need of a warrant; consent is one of the recognized exceptions to the requirement for a search warrant. Dixon v. State, 476 So.2d 1236 (Ala.Cr.App. 1984); Delarosa v. State, 384 So.2d 876 (Ala.Cr.App.), cert. denied, 384 So.2d 880 (Ala. 1980); Barclay v. State,368 So.2d 579 (Ala.Cr.App.), cert. denied, 368 So.2d 581 (Ala. 1979), cert. denied, 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185
(1979); Welden v. State, 57 Ala. App. 379, 328 So.2d 630 (1976). The prosecution always has the burden of showing that the consent was freely and voluntarily given. Bumper v. NorthCarolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 792 (1968). The prosecution, however, does not have to say to the person that he has the right to refuse consent. Schneckloth v.Bustamonte, 412 U.S. 218, 231, 93 S.Ct. 2041, 2049,36 L.Ed.2d 854 (1973). The test to determine whether consent was voluntary or not is the totality of the circumstances. Bustamonte, id.;Scott v. State, 409 So.2d 978 (Ala.Cr.App. 1981).
There is no requirement that the officer tell the suspect he has the right to refuse to let him search, in order for the consent to be voluntary; "rather it is only by analyzing all the circumstances of an individual consent that it can be ascertained whether in fact it was voluntary or coerced."Bustamonte, 412 U.S. at 233, 93 S.Ct. at 2050. Since the search was lawful, the testimony of the police officers concerning the fruits of the search is, of course, admissible. The evidence obtained from a lawful search also is admissible. However, in this case, the trial court prevented the prosecution from introducing the knife into evidence because it had been concealed from the defense in violation of a discovery order. This was a proper sanction imposed for a violation of Rule 18.5, Alabama Temporary Rules of Criminal Procedure. That rule provides:
 "18.5 Relief for noncompliance; reciprocal discovery.
 "(a) Noncompliance. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection; grant a continuance if requested by the aggrieved party; prohibit the party from introducing evidence not disclosed; or enter such other order as the court deems just under the circumstances."
The appellant asserts that since the knife had been displayed on counsel's table in front of the jury, the damage had been done. The appellant argues that when the trial court later "prohibited the party from introducing evidence not disclosed," per the rule violation, the state's previous display of the weapon should have resulted in a mistrial. We disagree.
The court gave cautionary instructions that the jury was to disregard the knife and that it was excluded from evidence. At that juncture, that was all that the court could do as a practical matter. We find therefore that such instructions sufficiently "cured" the problem caused by the jury's having seen the evidence not admitted. Not only was no error committed by this procedure, but we have gone further in other cases and held that even when illegal evidence was received into evidence, the court could cure such error by withdrawing it from the evidence and instructing the jury to disregard it.Simas v. State, 410 So.2d 139 (Ala.Cr.App. 1981); Pelham v.State, 125 So. 688, 23 Ala. App. 359 (1930). We recognize that proposed exhibits are commonly displayed within view of the jury in the process of being offered into evidence. The mere fact that such an exhibit is not admitted into evidence after being seen by the jury gives no ground for mistrial. No error occurred regarding the knife.
 III
The appellant also asserts that the trial judge erred in denying appellant's motion for judgment of acquittal. The appellant asserts that the state did not prove a prima facie case. § 13A-6-63, Code of Alabama 1975, lists the requirements of first degree sodomy as follows: *Page 851 
 "(a) A person commits the crime of sodomy in the first degree if:
 "(1) He engages in deviate sexual intercourse with another person by forcible compulsion; or
 "(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
 "(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.
 (b) Sodomy in the first degree is a Class A felony."
The state's evidence was that the appellant forcibly engaged the 13-year-old boy in deviate sexual intercourse. The requirements of the statute were satisfied and the motion for judgment of acquittal was due to be denied.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON APPLICATION FOR REHEARING
Upon application for rehearing by the state, the state asserts that the systematic exclusion of blacks, as proscribed by the equal protection clause of the Constitution was not objected to. More specifically, the state argues that the appellant failed to preserve the "Batson issue" for appellate review. An examination of the record reflects that the following occurred:
 "THE COURT: Ladies and Gentlemen, it will take them about thirty minutes to decide who they're going to strike, whatever. I'm going to say five after the hour. Y'all be back at five minutes after ten and we'll seat the group that is going to be trying the case. I don't know if we'll let the rest of you go the rest of the day or not, maybe we can. You're welcome to stay up here if you don't want to climb the stairs or you can go down and be in recess.
"* * * *
 "(A RECESS WAS HELD DURING WHICH THE JURY WAS STRUCK AND THE FOLLOWING OCCURRED OUTSIDE THE PRESENCE OF THE JURY)
 "MR. LEE: I would like to object to the systematic exclusion of blacks during the prosecutor's strike and move that the Court strike down the Petit Jury on that basis.
"THE COURT: The motion will be denied.
 "(THE FOLLOWING OCCURRED IN THE PRESENCE OF THE JURY)
 "THE COURT; When I call your name, if you're already in the jury box, remain seated, if you're not, try to work your way into the jury box. If I don't call your name, if you are there, you may move out.
 "(WHEREUPON, THE JURY WAS SEATED BY THE COURT AND AN ANNOUNCEMENT WAS MADE TO THE REMAINING VENIRE. . . .)"
It is clear from the record that the accused is black. Objection was made because the prosecution struck black veniremen. This raises the Batson issue. In United States v.Erwin, 793 F.2d 656 (5th Cir.), cert. denied, 476 U.S. ___,107 S.Ct. 589, 93 L.Ed.2d 590 (1986), it was held that the issue had to be raised before the remainder of the venire was dismissed. That is exactly what occurred here. The record could not be clearer. The allegation of the state is factually incorrect. We find as fact that the Batson issue was properly preserved for appellate review; consequently, the case is due to be remanded with directions as previously ordered.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
 ON RETURN TO REMAND
The circuit court conducted a hearing and has forwarded a transcript of those proceedings in full accord with the requirements of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Griffith v. Kentucky, 479 U.S. ___, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). The trial court entered the following order: *Page 852 
 "This matter being set for hearing on the 2nd day of April, 1987, and the defendant being present with his court-appointed lawyer, Frank D. Lee and the State of Alabama being represented by Robert D. Keahey, District Attorney and the Court having allowed Gaines C. McCorquodale, Assistant District Attorney to answer questions and to give reasons for the State of Alabama striking jurors for Race Neutral reasons and the Court having considered said reasons, the Court is of the opinion that said grounds for said strikes were not based on race but were exercised for other reasons.
 "It is, therefore, ORDERED, ADJUDGED AND DECREED that the defendant is not entitled to a new trial under [Batson]."
The court has complied with the requirements ofBatson and is correct in its ruling that the exclusion of black jurors was not the product of racial discrimination.
This case is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.