BOWEN, Judge.
Camilia and Donald Lander were convicted for trafficking in cannabis in violation of Alabama Code 1975, § 20-2-80(l)(a). Mr. Lander was sentenced to fifteen years’ imprisonment, while Mrs. Lander received a five-year prison sentence. Each was fined $25,000 and ordered to pay $1,500 to the Victims Compensation Fund.
The only question presented on this appeal from those convictions is the legal sufficiency of the State’s evidence in proving the defendants’ possession of the marijuana.
The standard for appellate review of the sufficiency of the evidence in a conviction based upon circumstantial evidence is set out in Dolvin v. State, 391 So.2d 133, 137-38 (Ala.1980), and Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979). See also White v. State, 546 So.2d 1014 (Ala.Cr.App.1989). Applying the standards and legal principles set out in those cases to the facts presented here, we conclude that the evidence was legally sufficient to allow the submission of the issue of the defendants' guilt or innocence to the jury.
Viewed in its most favorable light, the State’s evidence shows that, on August 24, 1987, acting on an anonymous tip which indicated that marijuana was being grown in Perry County, State Troopers Roy Sumja and Buddy Fletcher obtained a helicopter from the Department of Public Safety in order to make an aerial surveillance of the suspected property. While en route from Montgomery to Perry County, the officers observed a large patch of marijuana in Autauga County. Upon making this observation, the troopers abandoned their flight to Perry County and informed Alabama Bureau of Investigation (ABI) Agent Charles West of their discovery. Agent West was taken up in the helicopter and shown the marijuana.
*642 After completing their aerial surveillance of the defendants’ property, Agent West and a deputy with the Autauga County Sheriff’s Department entered the property to conduct a search. The officers proceeded to a residence, but found no one at home. The officers did not search the residence but proceeded on the property to the garden. The garden was located approximately 30 yards behind the residence. At the rear of the garden, the officers found two trails leading into the woods. One of these trails led to three plots of marijuana. Stephen Lindsey, the Deputy who assisted in the search of the defendants’ property, testified that the path “was worn down all the way to the dirt” and “was cleared of limbs at some points.” Upon following this trail, law enforcement officials discovered the first marijuana plot approximately 150 yards from the residence and about 30 yards from the garden.
The trail continued through the woods to a second patch of marijuana. Deputy Lindsey testified that while on the trail between the first and second marijuana plots he discovered a jacket with the name “Don L.” sewn on it. The record further reveals that the trail progressed to a third plot of marijuana and a plastic enclosed shed. Throughout the testimony, the witnesses referred to this enclosure as a “drying shed.” Drying marijuana and other evidence of marijuana cultivation were seized from this shed. Also found inside the “shed” were a chain, heaters, butane tanks, lanterns, “manicuring racks,” and “plastic bags” containing marijuana plant material. A paper bag with Mrs. Landers’ name (“Cam”) written on it was found in the shed.
After observing the “drying shed” and its contents, Deputy Lindsey followed a trail which was “basically on a creek” to the fourth and final marijuana plot.
Upon their search of the 60 acres, the officers seized numerous marijuana plants and substantial evidence of marijuana cultivation. The plants were “rather large” and were 12 to 16 feet tall. No fingerprints were found on any of the items seized.
The State’s evidence also established that the property upon which the marijuana was growing was in the exclusive possession and control of the defendants. The property on which the marijuana fields were found was located in a rural and densely wooded area. The State’s evidence indicated that the marijuana field “could be accessed only by a complex of trails” which terminated at either end of the defendants’ garden. Mr. Lander disputed this evidence, testifying that there were at least three other means of access to the property. There was no residence near these fields except that belonging to the defendants. Records in the county tax assessor’s office indicated that certain property in Autauga County (with the address Route 4, Box 442B, Prattville) was assessed to the defendants. Records in the probate office indicated that a quitclaim deed was issued to the defendants as joint tenants in 1983 and there was no record that ownership of the property had transferred.
Fred David McGee testified that he resided in the “Vida community, Route 4, Box 442, Prattville,” and he identified the area on an Autauga County map. He stated that there were two mailboxes located next to his and that one was labeled “Joy, Don and Cam.” He identified the defendants, “Cam and Don,” as being his neighbors. Defense counsel stipulated that the defendants were his neighbors. Mr. McGee testified that he had occasionally seen the defendants and their vehicles on the property.
The defendants contend that their motion for a judgment of acquittal should have been granted because the State’s evidence was insufficient to prove a prima facie case of constructive possession. In support of this contention, they cite the case of Crafts v. State, 439 So.2d 1323 (Ala.Cr.App.1983). We agree with the defendants’ counsel that there are similarities between the instant case and Crafts. However, there are distinguishing material differences between the evidence in Crafts and the evidence in the present case. In Crafts, we determined that:
*643 “ ‘While the ownership and exclusive possession of the property on which the marijuana is found may warrant a jury in finding that the accused was growing the illegal plant, Puckett v. State, 13 Md. App. 584, 284 A.2d 252 (1971), the proof in this case does not rise to that level. Here, the evidence is notable for its lack of detail and for the absence of information connecting the defendant with the growing marijuana.
“ ‘Although the Sheriff “assumed” that the defendant planted the corn in the garden behind his house and yard, the State never attempted to establish who owned or possessed or had control over the property on which the marijuana was growing.
" ‘Reduced to fundamentals, all the State showed was that the defendant’s residence abutted land on which marijuana was growing.
“ ‘... Here the facts and circumstances only give rise to a suspicion of guilt and are insufficient to support the conviction. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978).’ ” Crafts, 439 So.2d at 1324-25.
Here, the State presented sufficient evidence from which the jury could have reasonably concluded that the defendants owned and were in exclusive possession and control of the property on which the marijuana was growing. Here, a copy of the quitclaim deed was properly admitted into evidence, Lukes v. Alabama Power Co., 257 Ala. 590, 593, 60 So.2d 349 (1952); Ala.Code 1975, § 35-4-27. At trial, both defendants testified and admitted ownership of the property involved. Because the claim of ownership was not disputed, oral testimony was admissible to prove that fact. C. Gamble, McElroy’s Alabama Evidence § 226.02 (3d ed.1977).
We believe that the evidence produced by the State, when viewed in a light most favorable to the prosecution, was sufficient to allow the jury to reasonably conclude that the evidence excluded every reasonable hypothesis except that of guilt. We agree with the trial judge in his observation: “The state’s case is hanging by a very, very thin thread. But I find that there is a thread that enables them to overcome a motion for judgment of acquittal.”
“To establish a prima facie case of possession of narcotics, there must be actual or constructive possession and guilty knowledge.” Hall v. State, 455 So.2d 94 (Ala.Cr.App.1984). “Constructive possession arises only where the illegal substance is found on premises owned or controlled by the accused. Williams v. State, 340 So.2d 1144 (Ala.Crim.App.1976), cert. denied, 340 So.2d 1149 (Ala.1977).” Grubbs v. State, 462 So.2d 995, 997 (Ala.Cr.App.1984). In the instant case, the State presented evidence showing that the defendants owned and controlled the property where the marijuana was found.
In order to establish constructive possession, the State must prove: (1) actual or potential control; (2) intention to exercise dominion; and (3) an external manifestation of intent and control. Eady v. State, 495 So.2d 1161, 1164 (Ala.Cr.App.1986); Williams v. State, 340 So.2d 1144, 1145 (Ala.Cr.App.1976), cert. denied, 340 So.2d 1149 (Ala.1977). “Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance.” Temple v. State, 366 So.2d 740, 741 (Ala.Cr.App.1978). “The use of direct proof to show constructive possession is not necessary; the elements of such possession may be proven through a sufficient showing of the surrounding facts and circumstances, Franklin v. State, 437 So.2d 609 (Ala.Cr.App.1983), and such a showing was made in this ease.” Coffin v. State, 449 So.2d 1263, 1264 (Ala.Cr.App.1984). “Knowledge of the presence of a controlled substance may be proved by circumstantial evidence, see Reed v. State, Ala.Cr.App., 368 So.2d 326 (1979); Henderson v. State, Ala.Cr.App., 347 So.2d 540, cert. quashed, Ala., 347 So.2d 543 (1977).” Etheridge v. State, 414 So.2d 157, 163 (Ala.Cr.App.1982). Additionally, where illegal substances are found on a premises under the control of the defendant,. an inference may arise that the defendant had *644 knowledge and possession of such drugs. Moore v. State, 457 So.2d 981, 987 (Ala.Cr. App.1984), cert. denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (Ala.1985).
The circumstances present in this case which authorize a reasonable inference of the defendants’ knowledge and control of the marijuana are the rural, densely wooded, nature of the geographical area involved; the defendants’ ownership of the land on which the marijuana was discovered; the relatively inaccessible nature of that property; the size, number, and location of the four marijuana fields in relation to the defendants’ residence; the size of the growing marijuana; the presence of various items, including a “drying shed,” used in the growing, cultivation, processing, and distribution of marijuana; the “very well used” and “real beaten” condition of the foot paths connecting the defendants’ garden and the marijuana fields; and, finally, the presence and location of a jacket bearing the name “Don L.” and a paper bag with “Cam” written on it. These circumstances, in combination, supplied adequate proof of the defendants’ guilt.
The trails leading from the defendants’ garden to the marijuana fields were described as “very well used.” “Alabama has never been committed to the ‘beaten path’ doctrine (in location not exclusively under defendant’s control), as a matter of circumstance, which alone can convict without proof of some act of guilty knowledge.” Parker v. State, 40 Ala.App. 244, 247, 112 So.2d 493, cert. denied, 269 Ala. 699, 112 So.2d 496 (1959); Terry v. State, 44 Ala.App. 356, 359, 208 So.2d 804 (1968). See Mitchell v. State, 18 Ala.App. 119, 120, 89 So. 98 (1921) (“The mere fact that a small distilling outfit is set up in a wood 150 or 200 yards from defendant’s house, on land not in possession or under the control of defendant, and that one of the paths leading from the place went in the direction of defendant’s house, is a circumstance, and to be considered when other circumstances connect the defendant with the still, but standing alone is not sufficient to convict.”). Although we recognize that the defendants’ knowledge of the presence of the marijuana cannot be inferred solely from the evidence of the “beaten paths,” we conclude that such evidence is a proper consideration, when coupled with other facts and circumstances, in determining the existence of that knowledge.
Here, as in Boles v. State, 19 Ala.App. 184, 185, 95 So. 909 (1923), the motion for judgment of acquittal was properly overruled “for the reason there were many incriminating facts and circumstances.”
“We are of the opinion that, from all this testimony, the reasonable and necessary inference was afforded that the defendant owned or possessed the contraband articles found upon his premises, and we do not think that the jury did violence to their duty or to their conscience in so finding. And we think that the facts not only warranted the [judge], but required him, to submit the question of the guilt or innocence of the accused to the jury, under proper instructions, which in the instant case, the record shows, was by the court so submitted.
“As stated by this court in Walker v. State, [19 Ala.App. 20,] 95 South. 205:
“ ‘A charge of this character can be sustained upon what is known as circumstantial evidence, just as can any other criminal charge, and it becomes a question for the determination of the jury.’
“To hold otherwise would result in laying down the rule that, unless the testimony disclosed that the accused was caught in the actual commission of the offense, there could be no conviction. A rule of that character would open an avenue of absolute safety to the lawbreaker, and render his conviction impossible by his merely absenting himself from his own still and its operation.” Boles, 19 Ala.App. at 186, 95 So. 909.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.