MONTIEL, Judge.
The appellant was convicted of possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975, as charged in the indictment. The appellant was sentenced to 20 years’ imprisonment.
On the evening of June 8, 1991, Huntsville police officers William Hayes and David Southwood were dispatched to the Glen Park Apartments on information that two black males were selling drugs at that location. While walking through the apartment area, Officers Hayes and Southwood noticed two black males standing between two buildings. The officers turned their flashlights on the two men, one of whom was the appellant, and Officer Hayes asked the appellant what he was doing. Hayes testified that he saw the appellant drop a white container to the ground. The officers approached the men and Hayes retrieved the container and gave it to Officer Southwood. Southwood opened the container and found three pieces of what he believed were pieces of rock cocaine inside. Officer Southwood read the appellant his Miranda rights, which the appellant indicated he understood, and arrested him.
While Officer Hayes and the appellant sat in the police car waiting for the vice and narcotics officer to arrive, Hayes asked the appellant about the drugs. At trial, Officer Hayes testified that the appellant stated, “You know the dope is mine. You’re going to charge me with it anyway, so go ahead.” (R. 106.) The appellant was then taken to the police station. The substance in the container was later determined to be cocaine.
At trial, the appellant was the only witness for the defense, and he admitted that he was present at Glen Park Apartments on June 8, 1991. However, he contended that he did not drop a container that had three pieces of crack cocaine in it. He also denied that the drugs found in the container belonged to him.
The appellant contends that the trial court committed error by not charging the jury on the elements of possession. At trial, the trial judge charged the jury as follows:
“Now, let’s get into the particulars of the charge against this appellant. Let me begin by referring to the grand jury’s indictment. In substance, the grand jury’s indictment charges that Tracy Maurice Hereford, did, on or about June 8, 1991, unlawfully possess a controlled substance known as cocaine while at or near Glen Park Apartments in Madison County, Alabama, contrary to and in violation of § 13A-12-212 of the Code of Alabama, against the peace and dignity of the State of Alabama.
“That Code section, § 13A-12-212, in pertinent part reads as follows, and I quote: A person commits the crime of unlawful possession of a controlled substance, if he possesses a controlled substance. In that regard, I charge and instruct you that under the laws of Alabama cocaine and any of its derivatives, powdered form or rock form, commonly known as crack cocaine or rock cocaine, are controlled substances and are prohibited under the laws of Alabama.
“In order to sustain a conviction in this case, the State, by the evidence, must prove beyond a reasonable doubt two things: First, the State must prove beyond a reasonable doubt that the substance involved in this case and admitted *1305 into evidence was in fact cocaine or one of its derivatives; secondly, the State must prove beyond a reasonable doubt that the defendant knowingly possessed that rock cocaine or crack cocaine.
“Now, words like ‘knowledge’ and ‘intent’ are words which refer to a person’s state of mind, and, as such, they rarely are capable of direct proof. Ordinarily, a person’s knowledge or some other state of mind at a particular time and place must be inferred from other facts or proven by circumstances from which the defendant’s knowledge that he possessed a substance known as cocaine is established. Guilty knowledge may be established by circumstantial evidence or proven by evidence of acts, statements, or conduct of the accused from which it may fairly be inferred that he knew of the existence of this cocaine at the place where it was found and that it was knowingly in his possession.”
(R. 155-156.)
Following the court’s oral charge, the appellant objected as follows: “We also object specifically to the Court’s failure to give [requested charge] No. 9 on the grounds that the Court failed to define possession in any shape, form, or fashion, and this charge defines possess.” (R. 160.) The appellant’s requested jury charge No. 9 defined “possess” as “to have physical possession or otherwise to exercise dominion or control over tangible property.” (R. 33.)
In response to his objection, the court stated why it did not charge on possession:
“THE COURT: I did not define the distinction between actual and constructive possession because I think this case simply boils down to whether the jury believes Officer Hayes, that he saw the cocaine dropped from the right hand of the defendant to the ground and that he went immediately, without hesitation or stopping anywhere else, and picked it up. I think the jury and all lay people well understand what possession means.
“The defendant testified that it was not his dope. Somebody else dropped it. He never had it, period. I think to define actual possession, constructive possession, and the difference ... would have been confusing. I think this case simply comes down to whether they believe Officer Hayes, as to what he saw, says he saw and did, or the defendant, and Officer Southwood as to what he said the defendant said by way of confession, or the defendant. It’s just purely that simple.”
(R. 160-161.)
It is abundantly clear that possession is an element of § 13A-12-212, Code of Alabama 1975, the offense for which the appellant was charged. This court has held that:
“The three elements which are necessary to prove possession of marijuana are ... ‘(1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control.’ Franklin v. State, 437 So.2d 609 (Ala.Crim.App.1983); Jones v. State, 432 So.2d 5 (Ala.Crim.App.), cert. denied, 432 So.2d 5 (Ala.1983).”
White v. State, 479 So.2d 1368, 1376 (Ala. Crim.App.1985). Because possession is an element of the offense for which the appellant was charged, the trial court erred in failing to charge the jury on the definition of possession. “It is the law in Alabama that a party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for the granting of a new trial.” King v. W.A. Brown & Sons, Inc., 585 So.2d 10, 12 (Ala.1991).
The judgment of the circuit court is reversed.
REVERSED AND REMANDED.
All the Judges concur.